EDWARD C. TIDWELL
81 Carol Lane, Apt. #208
Oakley, California 94561
T: (510) 470-8422
E: edwardctidwell@yahoo.com

Plaintiff in Pro Se

**FILED**

**FEB 22 2023**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

EDWARD C. TIDWELL,
as Personal Representative of the Estate of
TANESHA CAPTOLAR MAE TIDWELL aka
TANESHA C-M TIDWELL or
TANESHA TIDWELL,

                Plaintiff/Claimant,

     v.

KAISER FOUNDATION HEALTH PLAN, INC.;
KAISER FOUNDATION HOSPITALS;
THE PERMANENTE MEDICAL GROUP, INC.;
KAISER PERMANENTE; and
DOES 1-25, Inclusive,

            Defendants/Respondents.

Case No.: **C23-00776** AGT

**COMPLAINT FOR DAMAGES**
Cause of Action for:
1. Business and Professional
   Code § 17500 et seq.;
2. Business and Professional
   Code § 17200 et seq.;
3. Medical Malpractice and Medical Battery;
4. Negligent and Reckless Breach of
   Fiduciary Duty;
5. Independent Adult Abuse Violations;
6. Intentional Breach of Fiduciary Duty;
7. Intentional Infliction of Emotional Distress;
8. Tortious Interference with Decedent's Body;
9. Tortious Interference with Rights to
   Dispose Remains;
10. Unjust Enrichment;
11. Punitive Damages; and
12. Wrongful Death.

**DEMAND FOR JURY TRIAL**
**(FRCP, Rule 38)**

///
///
///
///
///

**TO THE COURT, ALL PARTIES AND DEFENDANTS,** pursuant to California Code of Civil Procedure ("CCP") § 364, and California Probate Code ("CA Prob. Code") §§ 8400 and 8403-8405, that EDWARD C. TIDWELL ("Plaintiff and/or Claimant"), as Personal Representative of the Estate of TANESHA CAPTOLAR MAE TIDWELL aka TANESHA C-M TIDWELL or TANESHA TIDWELL ("Decedent"), give to each party this *Notice of Intent To Sue* for causes in the *Complaint for Damages ("Complaint")*. In addition, filed herewith is Plaintiff's *Opposition Memorandum of Points and Authorities In to Kaiser Foundation Health Plan, Inc. et al.'s Letter dated February 1, 2023 Re Demurrer and Motion to Strike; Plaintiff's Request for Judicial Notice; Declaration of Edward C. Tidwell and [Proposed] Order.*

## I.

## PARTIES

1.    As Personal Representative of the Estate of Tidwell, in compliance with CCP § 364; Federal Rules of Civil Procedure ("FRCP"), Rule 8; Prob. Code §§ 8400 and 8403-8405, Plaintiff has standing to brings this action as authorized by the Order for Probate filed on August 5, 2022, the Duties and Liabilities of Personal Representatives and the Letters filed August 8, 2022 in the Superior Court of California, Contra Costa County, Martinez-Probate Case No.: P22-01134.

2.    The business record of (the "CASOS") State of California, California Secretary of State-CASOS File No.: 299541, support Plaintiff's assertions that **KAISER FOUNDATION HEALTH PLAN, INC. ("Kaiser Foundation")**, is a California Non-profit Public Benefit Corporation and domestic federal and state tax exempt business entity doing business in Alameda County from its principal office located at One Kaiser Plaza, 15th Floor, Suite 15L, Oakland, California 94612; Telephone: (510) 271-6611 or (510) 271-6666.

3.    Plaintiff believe and alleges herein that the business record of the CASOS File No.: 224971 reflects **KAISER FOUNDATION HOSPITALS ("Kaiser Hospitals")**, is a California Non-profit Public Benefit Corporation and domestic federal and state tax exempt business entity doing business in Alameda County from its principal office located at One Kaiser Plaza, 15th Floor, Suite 15L, Oakland, California 94612; Telephone: (510) 271-6611 or (510) 271-6666.

4.  Plaintiff believe and allege herein that the business record of the CASOS File No.: 1015108 shows **THE PERMANENTE MEDICAL GROUP, INC. ("Permanente Medical")** is a California Stock Corporation or California Professional Medical Corporation, doing business in Alameda County, at its Principal Executive Office located at 1950 Franklin Street, 20th Floor, Oakland, California 94612.

5.  Plaintiff's online search using the Business Entity Search engine of the CASOS doesn't show any findings for **KAISER PERMANENTE ("Kaiser Permanente")**, it is Plaintiff's belief that Kaiser Permanente, as a health care provider, is an unregistered domestic business entity doing business throughout the State of California, but primarily in Contra Costa County from Kaiser Permanente's principal place of business located at 4501 Sand Creek Road, Antioch, California 94561; Telephone: (925) 813-6500 or (510) 271-6666.

6.  The true names and capacities, whether individual, corporate, associate, or otherwise, of unknown defendants are included herein under the fictitious names of **DOES 1-25, Inclusive**, however, although **DOE** defendants Kaiser Permanente Insurance Company ("Kaiser Insurance"); Jomok Care Home Corporation ("Jomok Care"); Trident Society, Inc. ("Trident Society"); Jeffrey Li-Min Wang, MD ("Wang"); Ori Tzvieli, MD ("Tzvieli"); Trident Society, Inc. ("Trident Society"); Gregory A. Adams ("Adams"); Kara O. King, MD ("King"); Samina Rashid, MD ("Rashid"); Irina M. Bronstein, MD ("Bronstein"); and James F. Chan, MD ("Chan") are identified they aren't named defendants to this action.

7.  When such becomes known to Plaintiff when he refer to or allege an act against DOES, Plaintiff shall identify each DOE by name including their contact information and how each DOE was in contractual relationship with Defendants Kaiser Foundation and Kaiser Hospitals or its subsidiary Defendant Kaiser Permanente leading up to Decedent's wrongful death on June 8, 2022.

## II.
## JURISDICTION AND VENUE

8.  Pursuant to 28 U.S.C. § 1331, Federal Question; 31 U.S.C. § 3729 et seq.; 26 U.S.C. §§ 501, 501(c)(3); California Welfare and Institutions Code §§ 15600-15610.70;

California Government Code §§ 12585 and 12580-12599.7 and FRCP, Rule 8, it is Plaintiff's belief that this case belongs in the District Court because Decedent's wrongful and gruesome death occurred on the floor of a federal tax exempt business entity namely Defendants Kaiser Foundation et al., Kaiser Hospitals and Kaiser Permanente who are federally funded.

9. Venue is appropriate in the District Court because a substantial part, if not all, of the events alleged herein happened in this district, in addition, all defendants either engaged in or are still transacting business from their principal office location, or they are employed, or residence residing in this District in the State of California.

10. As indicated herein Plaintiff currently resides in Oakley, California, Contra Costa County and at the time of Decedent's wrongful death on June 8, 2022 and her second grueling death by cremation around late July 2022 by Trident Society, Decedent resided in Oakley, California, Contra Costa County.

### III.
### DEFENDANT KAISER FOUNDATION ET. AL.'S
### FEDERAL AND STATE LAW VIOLATIONS

11. Plaintiff may exercise his legal rights and privileges in the District Court against Defendants Kaiser Foundation, Kaiser Hospitals, Permanente Medical and Kaiser Permanente et al. for their violations, in whole or in part, pursuant to (the "CA Welf. Inst. Code") California Welfare and Institutions Code §§ 15600-15610.70; 31 U.S.C § 3729 et seq., the False Claims Act; 18 U.S.C. § 1001, for False Statements and Concealment; 26 U.S.C. §§ 501, 501(c)(3), Corporations Tax Exemption; 26 U.S.C. § 7206, Fraud and False Statements; 26 U.S.C. § 7207, Fraudulent Returns and Tax Reporting; ("CA Gov. Code") California Government Code §§ 12585, 12580-12599.7, Charitable Corporations' Registration Requirements; and 42 U.S.C. § 3604, the ADA and Disability Rights Violations.

12. On for judicial notice is the Department of the Treasury, Internal Revenue Service (the "IRS") 2019 Form 990 of Defendants Kaiser Foundation and Kaiser Hospitals that evidence each in cahoots with their related tax payers and subsidiaries have reaped millions of dollars to the date hereof in massive ill-gotten gain under their false tax documents

submission and fraudulent tax reporting scheme, which has resulted in Defendants Kaiser

Foundation, Kaiser Hospitals and Kaiser Permanente's federal and state tax evasions and

suspected tax law violations under 26 U.S.C. §§ 501, 501(c)(3); CA Gov. Code §§ 12585,

12580-12599.7; 26 U.S.C. § 7206; and the IRS Federal § 501(c)(3) in conjunction with the

State of California, California Franchise Tax Board (the "FTB") and (the "CA Rev./Tax

Code") California Revenue and Taxation Code §§ 23701 and 23731 et seq.

## IV.

## PETITION FOR CIVIL AND CRIMINAL GRAND JURY INVESTIGATION

13.  Plaintiff respectfully request that this *Notice* be deemed as Plaintiff's urgent

petition for civil and/or criminal grand jury investigation against Defendant Kaiser Foundation

et al. including DOES each in their individual, professional and business capacity for their

prejudicial acts and cause of action alleged herein that led to the wrongful death of Decedent

and her second grueling death by cremation.

14.  Plaintiff is not forum shopping here, the evidence is overwhelming that the last

time Decedent was seen alive by Plaintiff was on June 6, 2022 when she received emergency

medical attention that resulted in her being evacuated by the Oakley/East Contra Costa County

Fire Department and EMS Paramedics from her apartment in Oakley, California then

transported in a 17' or 24' U-Haul Truck to Defendant Kaiser Permanente's medical facility

located on Sand Creek Road in Antioch, California.

15.  Under 31 U.S.C § 3729 et seq. and the CA Welf. Inst. Code §§ 15600-15610.70,

it is evident Defendants Kaiser Foundation et al., Kaiser Hospitals and Kaiser Permanente

violated federal and state laws alleged herein, in addition, their falsity and fraudulent acts of

unfair and deceptive business practices utilized during the course of Decedent's wrongful

death allow Plaintiff may exercise his legal rights and privileges to seek remedies, justice and

compensation where your agency has jurisdictional authority.

## V.

## BINDING ARBITRATION AGREEMENT AND ARBITRATION PROCEEDINGS

16.  **Plaintiff allege Decedent and Defendant Kaiser Foundation et al. never**

entered into a **binding arbitration agreement in March 2013 or thereabout to form a contractual relationship to force arbitration proceedings.** Plaintiff as Personal Representative and an heir of the estate has standing to bring this action as an officer of the court in strict compliance with the Duties and Liabilities of a Personal Representative as described in CA Prob. Code §§ 8400 and 8403-8405. Additionally, Plaintiff as one of the heirs or beneficiaries of the estate may bring this action in the District Court for said cause of action mentioned herein.

17. Plaintiff alleges herein that he never executed an arbitration agreement nor did he ever enter into a contractual relationship with Defendant Kaiser Foundation et al., therefore, Plaintiff is under no obligation whatsoever to proceed with the arbitration proceedings identified as (the "OIA") Office of the Independent Administrator Case No.: 17819 and the Judicial Arbitration and Mediation Services, Inc. ("JAMS") Case Access Ref No.: 1120016301 namely Tidwell v. Kaiser et al.

18. Plaintiff provide the name and contact information for the OIA and JAMS' primary sources, as follows: Marcella A. Bell, Esq., Office of the Independent Administrator located at 635 S. Hobart Blvd., Suite #A35, Los Angeles, California 90005 Telephone: (213) 637-9847 and Email: oia@oia-kaiserarb.com and Karume Richards, Case Manager for JAMS Neutral Arbitrator the Honorable Judge William J. Elfving (Ret.) located at 160 West Santa Clara Street, Suite 1600, San Jose, California 95113, Telephone: (408) 346-0764 and Email: krichards@jamsadr.com.

19. The OIA and the Neutral Arbitrator **only** has jurisdiction over the arbitration proceedings, if a arbitration agreement and/or an executed service agreement existed without fraud effective around March 2013 that gives the OIA and the Neutral Arbitrator authority to govern the arbitration proceedings using (the "Kaiser Rules") Rules for Kaiser Permanente Member Arbitrations. There is absolutely nothing in the Kaiser Rules or the OIA and JAMS Case file that bears the Personal Representative must utilize Defendant Kaiser Foundation et al.'s mandatory arbitration proceedings to resolve any disputes where there is no contractual relationship.

20. Pursuant to the Kaiser Rules, specifically Rule 8(c) and Rule 8(d), states "All other Respondents(s), including individuals, must be served as required by the California Code of Civil Procedure for a civil action" and "All Respondent(s) served with a Demand for Arbitration in the manner described above shall be Parties to the Arbitration. The Arbitrator shall have jurisdiction only over Respondent(s) actually served. If Claimant(s) serves any Respondent(s) other than an organization affiliated with Kaiser Permanente, the Claimant(s) shall serve a proof of service of that Respondent(s) on the Independent Administrator."

21. The OIA Case No.: 17819 and JAMS Case Access Ref No.: 1120016301 shows on or prior to November 15, 2022 via U.S. Postal Service Regular Mail-Certified Mail with Return Receipt requested that Plaintiff served a copy of the Notice of Intent To Arbitrate (Demand for Arbitration) received on October 7, 2022 by Defendant Kaiser Foundation et al. and Wang and on or prior to November 15, 2022, Plaintiff served the [Amended] Demand for Arbitration on Defendant Kaiser Foundation et al., which was received by Defendant Kaiser Foundation et al.'s Legal Department located at 1950 Franklin Street, 17th Floor, Oakland, California 94612.

22. As mandated under the Kaiser Rules, Rule 8(c) and Rule 8(d), each **DOE** defendant Jomok Care; Trident Society (California); Wang; Tzvieli; Trident Society (Texas); Adams; King; Rashid; Bronstein; and Chan were served true copies of the Notice of Intent To Arbitrate (Demand for Arbitration) and the [Amended] Demand for Arbitration between November 13, 2022 and November 15, 2022.

23. Defendants Kaiser Foundation et al. and all **DOE** defendants namely Jomok Care; Trident Society (California); Wang; Tzvieli; Trident Society (Texas); Adams; King; Rashid; Bronstein; and Chan failed to file a responsive pleading to the Notice of Intent To Arbitrate (Demand for Arbitration) and the [Amended] Demand for Arbitration, therefore, Plaintiff filed on December 20, 2022 in JAMS Case Access Ref No.: 1120016301 and the OIA-Case No.: 17819 his moving papers for default and judgment against said respondents who were legally part of the arbitration proceedings effective November 15, 2022.

24. In support of his default moving papers the JAMS Case Access Ref No.:

1120016301 and the OIA Case No.: 17319 shows Plaintiff filed (the "RJN") Further Request for Judicial Notice and his Declaration as moving papers were filed on January 2, 2023 in reply to Respondents' Opposition Briefs filed on December 21, 2022.

25. The Neutral Arbitrator abused his discretionary power and authority in that the Kaiser Rules, Rule8(c) and Rule 8(d) specifically indicates Your Honor was to rule during (the "AMC") Arbitration Management Conference Call on January 6, 2023 in compliance with the Kaiser Rules that all default Respondents failed to respond to the Notice of Intent To Arbitrate (Demand for Arbitration) and the [Amended] Demand for Arbitration.

26. As reflected in JAMS Case Access Ref No.: 1120016301 and the OIA Case No.: 17819, it is evident on January 6, 2023 during the AMC that the Neutral Arbitrator prejudiced Plaintiff in that Judge Elfving erroneously issued the prejudicial ruling to dismiss the default Respondents although each default respondent failed to appear at the AMC.

## VI.

## STATEMENT OF FACTS

27. Nothing herein is to be construed as law to forbid the aggrieved party from seeking remedies, justice and compensation in any court of the State of California, CCP § 364, requires that prior to bringing an official lawsuit with the intentions to prosecute claims against a medical provider or physician, there are mandatory requirement that notice be given to the medical provider or physician prior to prosecution of the lawsuit. The *Notice* must be served upon the potential defendants, at least ninety 90-days before the commencement or actual prosecution of the lawsuit. These requirements are codified in CCP § 364 that states:

28. "(a) No action based upon the health care providers or physicians' professional negligence may be commenced unless the defendant has been given at least ninety 90-days prior *Notice* to commence the action; and (b) No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered." Therefore, service of an endorsed filed copy of the *Complaint* is sufficient form of notice required to notify the defendants and the interested parties of Plaintiff's intentions to seek remedies, justice and

compensation for Defendant Kaiser Foundation et al.'s reckless and grueling acts that caused the wrongful death of Decedent on June 8, 2022.

29. The purpose of the *Notice* is to allow the potential defendants the opportunity to evaluate and potentially resolve any claim in advance of the commencement of litigation; another of the underlying purposes is to avoid the element of surprise to the health care providers and physicians, as well as provide a reasonable opportunity to prepare a defense.

30. One of the more interesting aspects of CCP § 364 is that the underlying statute of limitations for medical malpractice and negligent medical cases can be tolled by the submission of a §364 *Notice*. Generally speaking, CCP § 340.5 states that the action for medical negligence must be brought within one 1-year after the plaintiff discovers, or through the use of reasonable diligence, should have discovered the injury. If a CCP § 364 *Notice* is filed and properly served at an appropriate time, the one 1-year statute of limitations can be tolled for a period of time up to ninety 90-days. Should a plaintiff submit a §364 *Notice* within the ninety 90-day expiration of the one 1-year statute of limitation, the *Notice* may serve to extend the applicable statute of limitations for a period of ninety 90-days from service of the *Notice*. The timing of the filing and proper service of the § 364 *Notice* is critical should an effort be made to extend the statute of limitations.

31. Finally, the *Notice* is required as to any defendant whose name is known to the plaintiff at the time of the filing of the *Notice*. Should a defendant be unknown to the plaintiff at the time of the filing of the *Complaint*, and is appropriately identified in the complaint by a fictitious name, the provisions of CCP § 364 are <u>not</u> applicable to that unknown defendant. CCP § 364(e).

32. The failure to comply with the providing of the appropriate *Notice* pursuant to CCP § 364 does <u>not</u> invalidate any proceedings that are filed in the Court, nor does it affect the jurisdiction of the Court to render a judgment based upon the purported professional negligence. The only teeth to the statute is professional discipline to an attorney licensed to practice in the State of California who fails to comply with the provisions of CCP § 364.

33. Because of the circumstances of Decedent's wrongful death on June 8, 2022

1    while she was a patient at Defendant Kaiser Permanente medical facility located on Sand

2    Creek Road in Antioch, California and the cremation arrangements Defendant Kaiser

3    Permanente made in June 2022 with Trident Society without my prior knowledge and

4    approval, it is apparent spoliation of evidence was deliberately intended by burning up my dear

5    daughter's bodies nearly sixty 60-days after her wrongful death on June 8, 2022.

6        34.  Defendant Kaiser Foundation et al. knew or should have known the CASOS

7    never assigned an Entity File Number to support Trident Society's assertions it registered as a

8    domestic business entity authorized to operate as a funeral arranger and cemetery service

9    provider in the State of California, however, as an unregistered domestic business entity

10    Trident Society is doing business in Contra Costa County, located at 1620 Tice Valley Blvd.,

11    Suite 100, Walnut Creek, California 94595.

12        35.  Defendant Kaiser Foundation et al. knew or should have known according to the

13    Articles of Incorporation filed on August 13, 1997 and the Statement of Information filed on July

14    19, 2022 with the CASOS-Entity File No.: 2033057 that Trident Society was a foreign business

15    entity operating from its Principal Office of Corporation located at 1929 Allen Parkway, Houston,

16    Texas 77019.  It is Plaintiff's belief and he alleges just because Trident Society of Houston, Texas

17    list an Agent for Service of Process located at 2710 Gateway Oaks, Suite 150N, Sacramento,

18    California 95833, it is law Trident Society must still maintain a physical principal office with a

19    legitimate street address to operate as a foreign corporation in the State of California.

20        36.  Defendant Kaiser Foundation et al. knew or should have known Trident Society

21    was a subsidiary of "SCI" Service Corporation International, which according to the records of

22    the CASOS; it is evident Trident Society and SCI share the same principal business office

23    located at 1929 Allen Parkway, Houston, Texas 77019.  In addition, Defendant Kaiser

24    Foundation et al. knew or should have known prior to SCI's conversion and merger SCI

25    operated as a business entity offering funeral services according to their Statement of

26    Information filed on July 29, 2016 and the Limited Liability Company Articles of

27    Organization–Conversion filed on December 31, 2016 with the CASOS-Entity File No.:

28    C0342183 and 201636610017; and the Agreement of Merger filed on December 23, 1993 with

the CASOS-Entity File No.: 0588897.

37.  Defendant Kaiser Foundation et al. knew or should have known SCI filed on January 4, 2017 its Articles of Incorporation With Statement of Conversion with the CASOS-Entity File No.: 3974617 that show SCI is currently operating as a business entity offering funeral services, however, it is evident Articles IV. Statement of Conversion of the Articles of Incorporation With Statement of Conversion reflects SCI is "the converting California limited liability company is *SCI California Funeral Services, LLC.*"

38.  Defendant Kaiser Foundation et al. knew or should have known that on behalf of F. Charles Sands et al. the law firm of Eagan O'Malley & Avenatti, LLP filed a Second Amended Class Action Complaint on May 12, 2010 against SCI et al. in the Superior Court of California, County of Los Angeles, Central District-Case No.: BC421528, which according to the Sands et al. Class Action there are twelve causes including Tortious Interference with Dead Bodies that resembles the reckless acts of medical malpractice, negligence and wrongful death Defendant Kaiser Foundation et al. joined in with SCI and Trident Society to commit against my dear daughter who was burned to suffer a second gruesome death in late July or early August 2022.

39.  On for judicial notice is a conformed copy of the Complaint for Permanent Injunction, Civil Penalties, Restitution, and Other Equitable Relief that evidence Defendant Kaiser Foundation et al. knew or should have known prior to the wrongful death and grueling cremation the Attorney General of California and the District Attorney of Alameda County and Marin County had already filed on December 2, 2019 a lawsuit against SCI and Trident Society in the Superior Court of California, County of Alameda-Case No.: RG19045103 on behalf of the People of the State of California.

40.  The cause of actions alleged in the Sands et al. Class Action and the Complaint filed against SCI and Trident Society provide a composite of the causes Defendant Kaiser Foundation et al. deliberately committed against my dear daughter with Trident Society.

41.  All of the undisputed facts mentioned herein including Plaintiff's Cause of Action support his assertions above in *Paragraph III. Federal and State Law Violations* as to Defendant Kaiser Foundation et al.'s deceptive tax reporting, false and fraudulent documents submission, and suspected tax law violations, in addition, it is undoubted that Defendant

Kaiser Foundation et al. has committed mail fraud violations and numerous fraudulent acts associated with embezzlement, tax evasion, misappropriation and funneling.

42. Amongst other documents and things on for judicial notice and production are Defendants Kaiser Foundation and Kaiser Hospitals' false and fraudulent federal and state tax documents and their tax reporting to the IRS and the FTB. Defendant Kaiser Foundation and Defendant Kaiser Hospitals' 2016 thru 2019 Form 990 for the tax year beginning from January 1, 2016 ending to December 31, 2019 and their FTB 2016 thru 2019 Form 199 for the tax year beginning from January 1, 2016 ending to December 31, 2019.

43. As reflected in the IRS and the FTB tax exempt record Defendant Kaiser Foundation and Defendant Kaiser Hospitals for the tax year beginning from January 1, 2016 ending to December 31, 2019 failed to file the mandatory IRS Form 8868, Application for Automatic Extension of Time To File an Exempt Organization Return and for the tax year beginning from January 1, 2016 ending to December 31, 2019, it is evident Defendant Kaiser Foundation and Defendant Kaiser Hospitals failed to file the mandatory Form 3539 (Corp), Payment for Automatic Extension for Corporation and Exempt Organizations with the FTB.

44. Defendants Kaiser Foundation and Kaiser Hospitals are in default for failure to file their mandatory 2020 thru 2022 IRS Form 990 and their FTB Form 199 for the tax year beginning from January 1, 2020 ending to December 31, 2022, in addition, in violation of CA Gov. Code §§ 12585, 12580-12599.7, Defendants Kaiser Foundation and Kaiser Hospitals are in violation for failure to register with (the "OAG") State of California, Department of Justice, Office of Attorney General as tax exempt non-profit charitable organizations.

45. As Plaintiff recall around March 2013, Decedent enrolled in Defendant Kaiser Permanente et al. membership program, however, Defendant Kaiser Foundation et al. has refused to provide Plaintiff with a true copy of the service agreement and/or the arbitration agreement executed between Decedent and Defendant Kaiser Foundation et al.

## VII.

## JAMS PREJUDICIAL ARBITRATION PROCEEDINGS AND CASE DISCLOSURES

46. The CCP § 364 *Notice* serve as notification to JAMS, the OIA and Respondents in JAMS Case Ref No.: 1120016301 and the OIA Case No.: 17819 that, pursuant to 28 U.S.C. § 1407

or FRCP, Rule 41, Claimant is contemplating on exercising his legal rights and privileges under said laws that Plaintiff may explore these remedies or maintain the arbitration proceeding with the district court action as prescribed by applicable law.

## VIII.

## NON-ECONOMIC DAMAGES

47.  Complainant understands that the recoverable damages alleged in Medical Malpractice arbitration proceedings versus Kaiser are the same as in other forms of medical malpractice litigation.  Established laws allow that Complainant can recover both non-economic damages and economic damages.  Non-economic damages represent the value of non-quantifiable or abstract losses sustained by the injured party.  The value of an injured person's pain, sufferings, irreparable harm and damages, loss of enjoyment of life, worsening of prior injuries, and emotional anguish are all forms of non-economic damages.  These are a significant component of any claim for personal injury, including medical malpractice claims. Damages for loss of consortium or for the loss of love, companionship, and affect in wrongful death cases are also considered non-economic damages.

48.     In the State of California, the Medical Injury Compensation Reform Act of 1975 ("MICRA") limited the recoverable non-economic damages in all medical malpractice cases to a maximum of $250,000.00.  Just as this law, codified in California Civil Code § 3333.2, affects medical malpractice cases in Superior Court, so does it affect the Health Plan et al. arbitration proceedings.

## IX.

## ECONOMIC DAMAGES

49.  Economic damages represent all losses sustained because of the injuries alleged in the Demand for Arbitration case against Kaiser.  Loss of past and future earnings, loss of household services, and past and future medical expenses are all common forms of economic damages and each of those may be recovered in medical malpractice actions, including Kaiser Arbitration proceedings, if proven by evidence.  Although MICRA placed a maximum limit on recoverable non-economic damages in any medical malpractice case, there is no such limitation on economic damages.

# X.

## FIRST CAUSE OF ACTION

### *(Business and Professions Code § 17500, et seq. Untrue and Misleading Statements against Defendant Kaiser Foundation et al. and DOES 1-25, Inclusive)*

50.  Plaintiff restates and re-allege each and every allegation contained in Paragraphs 1 through 49 as if fully set forth herein.

51.  The actual date is unknown to Plaintiff, however, within the statute of limitations of this action, and to the date hereof, Defendant Kaiser Foundation et al. offer outlined services for potential members to apply for membership as required under Defendant Kaiser Foundation et al.' application process, which Plaintiff believe and allege here that in some manner Defendant Kaiser Foundation et al. used their online membership application process to induce Decedent, other members and the general public to enter into obligations in relation thereto, made or disseminated or cause to be made or disseminated statements concerning such services, or other matters of fact connected with the performance thereof, which were untrue or misleading, and which Defendant Kaiser Foundation et al. knew or reasonably should have known were untrue or misleading and worthless and likely to deceive Decedent and members of the public, in violation of Business and Professions Code section 17500 et seq.

52.  Defendant Kaiser Foundation et al.'s false statements include all the untrue or misleading statements alleged herein, including but not limited to: Defendant Kaiser Foundation et al. feigned to provide potential members, members, consumers and Decedent with marketing materials that do not thoroughly explain how Defendant Kaiser Foundation et al. arbitrarily and unilaterally allocate funds received to assure the utmost medical care for Decedent or custody of Decedent as Defendant Kaiser Foundation et al. falsely advertised, advised and carried on to Decedent to be responsible health care provider and "Care Custodian." However, it was Defendant Kaiser Foundation et al.'s intentions all along to game on Decedent solely for the purpose swindle her into the membership designed to enable Defendant Kaiser Foundation et al. to accumulate massive ill-gotten gain similar to how Defendant Kaiser Foundation et al. knowingly induced and mislead members, patients and

1   consumers as alleged in Complaint for Money Damages and Civil Penalties for Violations of

2   the False Claims Act filed on August 22, 2013 and the United States' Complaint-In-

3   Intervention filed on October 25, 2021 in the United States District Court, Northern District of

4   California, San Francisco Division-Case No.: 13-cv-03891-JCS/EMC.

5          53.  As successfully alleged Decedent relied on Defendant Kaiser Foundation et al. as

6   her health care provider "Care Custodian," however, it is overwhelmingly evident Defendant

7   Kaiser Foundation et al. including DOES "abandoned" Decedent and left her to die a wrongful

8   death.  Defendant Kaiser Foundation et al.'s false statements and commitments include all the

9   untrue or misleading statements related to Defendant Kaiser Foundation et al.'s marketing

10  materials and their false and deceptive advertisement to gain members and patients' trust,

11  which it is evident Defendant Kaiser Foundation et al. did not provide Decedent or consumers

12  a way out of Defendant Kaiser Foundation et al.'s fraudulent scheme unless Decedent and

13  consumers subject themselves to Defendant Kaiser Foundation et al.'s devious and blistering

14  arbitration game where the most valuable players namely the lawyers, the medical experts and

15  the arbitrators are on Defendant Kaiser Foundation et al.'s payroll.

16         54.  Plaintiff believes and alleges just as Defendant Kaiser Foundation et al. exercise

17  legal maneuvers and manipulative tactics to submit fraudulent nonprofit tax exempt

18  reporting documents to the IRS, it is evident in the existing district court action mentioned

19  above evidence Defendant Kaiser Foundation et al. "knowingly submitted or caused to be

20  submitted (in Decedent's medical records) fraudulent diagnosis codes," additionally, it is highly

21  likely "Defendant Kaiser Foundation et al. generated such diagnoses through the use of medical

22  record addenda-changes to the medical record after (Decedent's visits) the patient visit, often

23  months or even a year or more after the visit-to add unrelated diagnoses identified through one

24  of Defendant Kaiser Foundation et al.'s risk-adjustment programs."

25         55.  As to his dear daughter Decedent, it is Plaintiff belief and he alleges Defendant

26  Kaiser Foundation et al. in some manner Plaintiff is unable to determine that Defendant Kaiser

27  Foundation et al. knowingly submitted or caused to be submitted diagnoses that had no

28  relevance to Decedent's visits and/or as evidenced in her medical records the visit likely didn't

exist at all, however, Defendant Kaiser Foundation et al. sought risk-adjustment payments based on such fraudulent diagnoses.

56. Pursuant to California Welfare & Institutions Code §§ 15610.05, 15610.17 and 15610.23, it is overwhelmingly evident Defendant Kaiser Foundation et al. including DOES in their professional and business capacity recklessly and intentionally as "healthcare provider/primary care physicians" or otherwise took the money then abandon Decedent and left her to die of wrongful death on June 8, 2022 only to suffer Decedent to die a second gruesome death by cremation in late July or early August 2022.

57. Defendant Kaiser Foundation et al. "abandoned" Decedent, it is evident in the medical records that Bronstein retired from Defendant Kaiser Foundation et al., it is Plaintiff's belief and he alleges Defendant Kaiser Foundation et al. falsified its medical records to show Bronstein was still on as Decedent's primary care physician.

58. Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity are liable for non-economic, economic, general, special and punitive damages to Decedent, Plaintiff, the heirs and beneficiaries of the Estate in the sum of $45,250,000.00, the exact amount to be determined, but not less than $45,250,000.00.

## XI.

## SECOND CAUSE OF ACTION

*(Business and Professions Code § 17200, et seq. Unfair Competition and Unlawful Business Practices against Defendant Kaiser Foundation et al. including DOES 1-25, Inclusive)*

59. Plaintiff restates and re-allege each and every allegation contained in Paragraphs 1 through 58 as if fully set forth herein.

60. Defendant Kaiser Foundation et al. knew it could not lawfully submit diagnoses that were unrelated to Decedent's visit, it is Plaintiff's belief and he alleges herein that Defendant Kaiser Foundation et al. may have used Decedent's diagnoses to obtain additional payments from Medicare. Beginning at an exact date unknown to Plaintiff, but around March or April 2013 upon Decedent's membership approval until her wrongful death on June 8, 2022, Plaintiff alleges Defendant Kaiser Foundation et al. utilized legal maneuvers and manipulative tactics to add diagnoses to Decedent's medical record using addenda.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

61.  Defendant Kaiser Foundation et al. and Bronstein "abandoned" Decedent, Plaintiff is not sure of the last visit or follow-up appointment Decedent had with Bronstein, however, Defendant Kaiser Foundation et al. knew or should have know Bronstein had retired.

62.  Defendant Kaiser Foundation et al. caused Decedent's wrongful death on June 8, 2022, it is overwhelmingly evident Plaintiff would be better equipped to argue, however, Defendant Kaiser Foundation et al.'s employed and entered into a contractual relationship with Trident Society to arrange cremation of Plaintiff's best evidence in Decedent body before Plaintiff could request a thorough examination and autopsy of Decedent's body.

63.  Plaintiff intends to find out if Defendant Kaiser Foundation et al. submitted any fraudulent diagnoses using addenda to con game the Centers for Medicare and Medicaid Services ("CMS") for the sole purpose to receive additional Medicare payments from diagnoses.

64.  Beginning at an exact date unknown to Plaintiff, but occurring within the statute of limitations of this action, and continuing to the present, it is Plaintiff's belief and he alleges during Plaintiff's membership and as a patient of Defendant Kaiser Foundation et al. around March or April 2013, and continuing after Decedent's wrongful death on June 8, 2022, it is highly probable using Decedent's medical background that Defendant Kaiser Foundation et al. engaged in acts of unfair, deceptive and unlawful business practices within the meaning of Business and Professions Code § 17200, et seq., including but not limited to Defendant Kaiser Foundation et al. knowingly submitting false and/or fraudulent diagnosis codes for payments by CMS.

65.  Pursuant to California Welfare & Institutions Code §§ 15610.05, 15610.17 and 15610.23, it is overwhelmingly evident Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity recklessly and intentionally as "healthcare provider/primary care physicians" or otherwise took the money then abandon Decedent and left her to die a wrongful death on June 8, 2022 only to suffer Decedent to die a second gruesome death by cremation in late July or early August 2022.

66.  Defendant Kaiser Foundation et al. knew of should have known Decedent had been "abandoned" just from looking at her body, which it is overwhelmingly evident Defendant Kaiser Foundation et al. including DOES each in their professional and business

1  capacity knew Decedent was never going to get well because Defendant Kaiser Foundation et

2  al. knew it didn't possess the medical skills and expertise to help Decedent get well.

3          67.  Defendant Kaiser Foundation et al. including DOES each in their professional

4  and business capacity are liable for non-economic, economic, general, special and punitive

5  damages to Decedent, Plaintiff, the heirs and beneficiaries of the Estate in the sum of

6  $45,250,000.00, the exact amount to be determined, but not less than $45,250,000.00.

7                                              **XII.**

8                            **THIRD CAUSE OF ACTION**

9                      *(Medical Malpractice and Medical Battery*

10        *against Defendant Kaiser Foundation et al. including DOES 1-25, Inclusive)*

11          68.  Plaintiff restates and re-allege each and every allegation contained in Paragraphs

12  1 through 67 as if fully set forth herein.

13          69.  Pursuant to California Welfare & Institutions Code §§ 15610.63 and 15657, as

14  described herein Plaintiff believe and successfully allege during the period of Defendant

15  Kaiser Foundation et al.'s care of Decedent as her health care provider "Care Custodian," it is

16  beyond doubt that Defendant Kaiser Foundation et al. including DOES each in their

17  professional and business capacity knew or should have known the perils posed to Decedent

18  for their failures to comply with their duties of care to provide care that a reasonably prudent

19  hospital operator, physician, social worker, case worker, ethicist, bioethics director, or other

20  health care provider or administrator would use.

21          70.  During the period of their care of Decedent, Defendant Kaiser Foundation et al.

22  including DOES each in their professional and business capacity knew or should have known

23  that the perils posed by their failure to comply with their standards of care to provide care

24  which a reasonably prudent hospital operator, physician, social worker, case worker, ethicist,

25  bioethics director, or other health care provider or administrator would use, exposed Decedent

26  to the high probability of her injuries and wrongful death.

27          71.  Defendant Kaiser Foundation et al. including DOES each in their professional

28  and business capacity committed medical battery, negligence and reckless acts as described

herein by committing negligent medical procedures, misdiagnosis, and intubation/tracheal intubation of Decedent without her knowledge and consent and the knowledge and consent of Plaintiff who Defendant Kaiser Foundation et al. knew or should have known was on record as Decedent's biological father and joint agent and surrogate for health care decisions or otherwise.

72.  Point blank ... Defendant Kaiser Foundation et al. were tired of Decedent coming back to their medical facility for care that Defendant Kaiser Foundation et al. knew or should have known that Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity never possessed the medical skills and expertise to get Decedent well and restored back to good health to the point Decedent would be up and walking and enjoying a better life.

73.  As evidenced in the medical record, the medical reports and the medical documents, it is overwhelmingly evident that commencing from around March or April 2013 year after year Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity stood by and watched Decedent get worse and worse in health and in her conditions until Decedent in severe pain suffered a grueling wrongful death on June 8, 2022 to suffer a second gruesome death by cremation.

74.  It is Plaintiff's understanding that Decedent's medical records, the medical reports and the medical documents evidence after Decedent's wrongful death on June 8, 2022 that Defendant Kaiser Foundation et al. conspired and entered into a contractual relationship with Trident Society and Tzvieli to prepare Decedent's "not embalmed" body that weighed approximately 900lbs to be burned up to cause Decedent to suffer a second gruesome death by cremation that was arranged by Trident Society and Tzvieli in late July or around early August 2022.

75.  Pursuant to California Welfare & Institutions Code §§ 15610.47, 15610.53, 15610.57, 15610.63 and 15657, as described herein Plaintiff successfully allege Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity committed medical battery as successfully alleged herein by their negligent medical

1    procedures, misdiagnosis, and intubation/tracheal intubation of Decedent without her

2    knowledge and consent and the knowledge and consent of Plaintiff.

3        76.  As reflected in Decedent's medical records, the medical reports and the medical

4    documents neither Decedent nor Plaintiff consented to the life threatening medical procedures

5    Defendant Kaiser Foundation et al. including DOES each in their professional and business

6    capacity took upon themselves to perform, which were obviously unnecessary, unauthorized,

7    harmful and life threatening procedures, designed for the sole purpose of ending Decedent's

8    life, and it was done without the necessary and legally required consent of Decedent or

9    Plaintiff.

10        77.  Defendant Kaiser Foundation et al. knowingly and deliberately played the con on

11    Plaintiff as evidenced in their conspiratorial acts to prevent and prohibit Plaintiff from his legal

12    rights and privileges to demand on June 8, 2022 an autopsy of Decedent's body together with a

13    thorough examination and investigation into Decedent's wrongful death before she was burned

14    up with the intentions to destroy the best evidence.

15        78.  As a direct and legal result of the foregoing, Plaintiff's dear daughter Decedent

16    suffered severe injuries commencing around November 15, 2021 and until her wrongful death

17    on June 8, 2022 only to be burned up to suffer a second gruesome death by cremation that

18    Defendant Kaiser Foundation et al. conspired with Trident Society and Tzvieli for the sole

19    purpose of spoliation of evidence arranged in late July or around early August 2022.

20        79.  Defendant Kaiser Foundation et al. including DOES each in their professional

21    and business capacity are liable for non-economic, economic, general, special and punitive

22    damages to Decedent, Plaintiff, the heirs and beneficiaries of the Estate in the sum of

23    $45,250,000.00, the exact amount to be determined, but not less than $45,250,000.00.

### XIII.

### FOURTH CAUSE OF ACTION

#### *(Negligent and Reckless Breach of Fiduciary Duty*

#### *against Defendant Kaiser Foundation et al. including DOES 1-25, Inclusive)*

27        80.  Plaintiff restates and re-allege each and every allegation contained in Paragraphs

28    1 through 79 as if fully set forth herein.

81.  Pursuant to California Welfare & Institutions Code §§ 15610.63 and 15657, Plaintiff provide undisputed facts evidenced herein that Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity are liable for physical abuse as defined in California Welfare & Institutions Code § 15610.63, or neglect as defined in California Welfare & Institutions Code § 15610.57, that Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity are guilty of recklessness, oppression, fraud, or malice in the commission of the alleged abuse, the following shall apply, under California Welfare & Institutions Code § 15657 in addition to all other remedies otherwise provided by law.

82.  Decedent was a member and a patient of Defendant Kaiser Foundation et al. from around March or April 2013 until her wrongful death on June 8, 2022.  During this period, Decedent was under the care of Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity who acted as her "healthcare provider/primary care physicians."

83.  By virtue of their "healthcare provider/primary care physicians and patient" relationship, Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity described herein had a fiduciary duty to Decedent to act with the utmost good faith and in Decedent's best interests.

84.  By virtue of the foresaid, Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity acted negligently and recklessly, oppressively, and intentionally breached their duties as "healthcare provider/primary care physicians" and "Care Custodian" or otherwise.

85.  By virtue of the foresaid, Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity as "healthcare provider/primary care physicians" or otherwise acted knowingly to caused Decedent severe injuries, and to suffer unmercifully until her wrongful death on June 8, 2022 then Defendant Kaiser Foundation et al. and Trident Society caused Decedent to suffer a second gruesome death by cremation in late July or early August 2022.

86.  As a direct and legal result of the foresaid, Decedent was injured and died a wrongful death.

87.  By virtue of the foresaid, Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity acted negligently and with recklessness, oppression, and malice, and punitive damages should be assessed for the reasons evidenced herein.

88.  Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity are liable for non-economic, economic, general, special and punitive damages to Decedent, Plaintiff, the heirs and beneficiaries of the Estate in the sum of $45,250,000.00, the exact amount to be determined, but not less than $45,250,000.00.

## XIV.

## FIFTH CAUSE OF ACTION

### *(Independent Adult Abuse Violations*

### *against Defendant Kaiser Foundation et al. including DOES 1-25, Inclusive)*

89.  Plaintiff restates and re-allege each and every allegation contained in Paragraphs 1 through 88 as if fully set forth herein.

90.  Pursuant to California Welfare & Institutions Code §§ 15610.05, 15610.07, 15610.17 and 15610.23 et seq., Plaintiff provide sufficient facts that from around November15, 2021 until the date of Decedent's wrongful death on June 8, 2022 including to around July 21, 2022 the date of Decedent's second gruesome death by cremation, it is overwhelmingly evident Decedent's medical records, the medical reports and the medical documents in Defendant Kaiser Foundation et al.'s possession and under their control provide sufficient facts Defendant Kaiser Foundation et al. acting as Decedent's "Care Custodian" knowingly and deliberately "Abandoned" and deserted Decedent by their continued failure to properly diagnose, care and treat Decedent's life threatening health and conditions that prompted Defendant Kaiser Foundation et al. to force discharge Decedent back home to her boarded up apartment in late November 2021 then shortly thereafter Defendant Kaiser Foundation et al. Chan abused their authority to force discharge Decedent again to Jomok Care facility in late November 2021 or early December 2021.

91. Plaintiff successfully carry his burden of proof as evidenced in the medical records, medical reports and the medical documents in Defendant Kaiser Foundation et al.'s possession and under their control that support Plaintiff's assertions Defendant Kaiser Foundation et al. and Chan knowingly and willfully abused their authority in late November 2021 or early December 2021 forcing Decedent's discharge to Jomok Care knowing Decedent's life threatening health and conditions were worsening.

92. It is without doubt the evidence in the medical records, the medical reports and the medical documents place Defendant Kaiser Foundation et al. and Chan squarely within the crosshairs of the California Welfare & Institution's "Abandonment" and "Care Custodian" for said violations that support Plaintiff's assertions against Defendant Kaiser Foundation et al. and Chan for negligence and recklessness exhibited in that Defendant Kaiser Foundation et al. and Chan willfully abandoned and deserted Decedent as described in California Welfare & Institutions Code §§ 15610.05 and 15610.17 "an dependent adult by anyone having care or custody of that person under circumstances in which a reasonable person would continue to provide care and custody."

93. Pursuant to California Welfare & Institutions Code §§ 15610.07 and 15610.23, Decedent until her wrongful death on June 8, 2022 including to around July 21, 2022 the approximate date of her second gruesome death by cremation caused by Defendant Kaiser Foundation et al. and Trident Society, it is evident at all times mentioned herein that Decedent was a "Dependent Adult" between the ages of 18 and 64 years of age who resided in this state with severe medical health and physical disabling conditions that limited and restricted Decedent's ability to carry out normal activities and to fully protect her legal rights and privileges afforded to Decedent as a citizen protected under established laws and the constitutional laws of the State of California and the United States of America.

94. At all times herein, Defendant Kaiser Foundation et al. had care or custody of Decedent.

95. By virtue of the foregoing, Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity committed negligence as defined at California Welfare & Institutions Code § 15610.57 et seq.

96.  During the aforesaid periods during which Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity had care or custody of Decedent, Decedent was deprived of Defendant Kaiser Foundation et al.'s care or custody, in addition, among other things, Defendant Kaiser Foundation et al. engaged in "physical abuse" as defined at California Welfare & Institutions Code § 15610.63.

97.  By virtue of the foresaid, Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity acted in conscious disregard of the probability of Decedent's undesired and unauthorized injuries and wrongful death.  Defendant Kaiser Foundation et al. acts and omissions were despicable and it subjected Decedent to cruel and unjust hardship in conscious disregard of Decedent's rights and safety.  By virtue of the foresaid, Defendant Kaiser Foundation et al. including DOES acted with recklessness, oppression, and malice, and punitive damages should be assessed against Defendant Kaiser Foundation et al.

98.  By virtue of the foresaid, Plaintiff seek and is entitled to pre-death pain and suffering damages allowed under California Welfare & Institutions Code § 15610.57 and Plaintiff as Personal Representative of Decedent's Estate is entitled to self-represented or lawyer's fees unilaterally to him under the same provision of law as a licensed attorney.

99.  Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity are liable for non-economic, economic, general, special and punitive damages to Decedent, Plaintiff, the heirs and beneficiaries of the Estate in the sum of $45,250,000.00, the exact amount to be determined, but not less than $45,250,000.00.

## XV.

## SIXTH CAUSE OF ACTION

### *(Intentional Breach of Fiduciary Duty*

### *against Defendant Kaiser Foundation et al. including DOES 1-25, Inclusive)*

100.  Plaintiff restates and re-allege each and every allegation contained in Paragraphs 1 through 99 as if fully set forth herein.

101.  By virtue of their "healthcare provider/primary care physicians and patient" relationship, Defendant Kaiser Foundation et al. including DOES each in their professional

1    and business capacity described herein had a fiduciary duty to Decedent to act with the

2    utmost good faith and in Decedent's best interests and to disclose the facts set forth herein.

3         102.    Decedent was a member and a patient of Defendant Kaiser Foundation et al.

4    from around March or April 2013 until her wrongful death on June 8, 2022 including to the

5    date of Decedent's second gruesome death by cremation in late July or early August 2022.

6    During this whole time, Decedent was under the care of Defendant Kaiser Foundation et al.

7    including DOES each in their professional and business capacity who acted as her "healthcare

8    provider/primary care physicians" or otherwise.

9         103.    Defendant Kaiser Foundation et al. including DOES each in their professional

10   and business capacity intentionally breached the aforesaid fiduciary duty to disclose all

11   medical diagnosis, medicine, health and conditions, medical records or otherwise to Decedent

12   and to Plaintiff at all times, however, Defendant Kaiser Foundation et al. including DOES each

13   in their professional and business capacity breached the aforesaid duties of care.  Said breaches

14   were financially motivated and intentional, and directly and legally resulted in Decedent's

15   negligent medical procedures, misdiagnosis, and intubation/tracheal intubation of Decedent

16   without her knowledge and consent and the knowledge and consent of Plaintiff.

17        104.    By virtue of the foresaid, Defendant Kaiser Foundation et al. including DOES

18   each in their professional and business capacity acted with fraudulent intentions feigning to

19   have the medical skills and expertise to care for Decedent but knowing she was near death

20   while Defendant Kaiser Foundation et al. including DOES each in their professional and

21   business capacity benefited from money swindled off Decedent.

22        105.    By virtue of the foresaid, Defendant Kaiser Foundation et al. including DOES

23   each in their professional and business capacity acted with fraud and an award of general

24   damages for Decedent's pain and sufferings that resulted in her wrongful death, it is Plaintiff's

25   belief and he alleges the provisions described under California Welfare & Institutions Code §

26   15657 allow for non-economic, economic, general, special and punitive damages in a sum not

27   less than the amount in the Prayer for Relief.

28        106.    Defendant Kaiser Foundation et al. including DOES each in their professional

and business capacity are liable for non-economic, economic, general, special and punitive

damages to Decedent, Plaintiff, the heirs and beneficiaries of the Estate in the sum of $45,250,000.00, the exact amount to be determined, but not less than $45,250,000.00.

## XVI.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress

### against Defendant Kaiser Foundation et al. including DOES 1-25)

107.    Plaintiff restates and re-allege each and every allegation contained in Paragraphs 1 through 106 as if fully set forth herein.

108.    Pursuant to California Welfare & Institutions Code §§ 15610.07, 15610.17, 15610.23 and 15610.53, Plaintiff provide sufficient facts Defendant Kaiser Foundation et al. and DOES' conduct as described herein was extreme and outrageous, and was so extreme as to exceed all bounds of that usually tolerated in a civilized society.

109.    At all times relevant to this matter, it is overwhelmingly evident that prior to Decedent's wrongful death that Defendant Kaiser Foundation et al. and DOES' conduct as described herein was committed with the intent to cause, or reckless disregard of causing, emotional distress to Decedent, Plaintiff and the heirs of Decedent's Estate.

110.    Prior to her wrongful death on June 8, 2022, it is evident the medical records, the medical reports and the medical documents provide undisputed facts Decedent suffered and Plaintiff and the heirs of Decedent's Estate continue to suffer from severe or extreme emotional distress, which was actually and proximately caused by Defendant Kaiser Foundation et al. and DOES' outrageous conduct as set forth herein.

111.    After her wrongful death on June 8, 2022, it is evident Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity knew there was only one way to prevent Plaintiff and the heirs of Decedent's Estate from demanding an autopsy and a thorough medical examination and investigation to determine the cause of Decedent's wrongful death and that was to burn up the best evidence Plaintiff could present was in Decedent's body.

112.    Defendant Kaiser Foundation et al. including DOES each in their professional

and business capacity undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Decedent and Plaintiff, and Defendant Kaiser Foundation et al. did so with fraud, oppression and/or malice. This despicable conduct subjected Decedent prior to her wrongful death and Plaintiff to cruel and unjust hardship so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future.

113.    Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity are liable for non-economic, economic, general, special and punitive damages to Decedent, Plaintiff, the heirs and beneficiaries of the Estate in the sum of $45,250,000.00, the exact amount to be determined, but not less than $45,250,000.00.

## XVII.

### EIGHTH CAUSE OF ACTION

### *(Tortious Interference with Decedent's Body*

### *against Defendant Kaiser Foundation et al. including DOES 1-25, Inclusive)*

114.    Plaintiff restates and re-allege each and every allegation contained in Paragraphs 1 through 113 as if fully set forth herein.

115.    After Decedent's wrongful death on June 8, 2022, Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity owed Plaintiff and the heirs of Decedent's Estate a duty to exercise reasonable and proper care when handling the body of Decedent, in addition, under established laws of the State of California, Plaintiff believe and allege he had legal rights and authority and that he was entitled to immediate custody and possession of Decedent's body. The duty of Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity includes, but are not limited to, those duties set forth in the previous paragraphs or the paragraphs mentioned herein.

116.    Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity owed Decedent, Plaintiff and the heirs of Decedent's Estate a duty to exercise reasonable and proper care when handling the body of Decedent, however, it is overwhelmingly evident Defendant Kaiser Foundation et al. including DOES each in their

professional and business capacity possessed an evil conduct towards Decedent, including but not limited to the conduct described in previous paragraphs or the paragraphs mentioned herein, which provide sufficient facts as to Defendant Kaiser Foundation et al. and DOES' malicious and intentional plot to conspire with one another to burn up Decedent's body.

117.    Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity conduct towards Decedent was evil, reckless and outrageous and goes beyond all bounds of decency in a civilized society.

118.    Defendant Kaiser Foundation et al. including DOES' conduct has directly and proximately caused and continues to cause economic and non-economic damages to Plaintiff and the heirs of Decedent's Estate.  Plaintiff and the heirs of Decedent's Estate have and will continue to suffer extreme mental anguish, distress and suffering.

119.    Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity knew or should have known that their devious and cruel acts were wrongful acts and omissions would damage Plaintiff and the heirs of Decedent's Estate in the manner set forth above and as mentioned herein.

120.    Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity conspired and undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Decedent as she pled for her life prior to her wrongful death on June 8, 2022 and as Plaintiff hear his dear daughter Decedent cry out for dad's help as she entered into the fiery furnace to suffer a second gruesome death by cremation around late July 2022 or early August 2022.  Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity willfully and deliberately carried on and carried out these gruesome acts, and did so with fraud, oppression and/or malice.

121.    This despicable conduct subjected Decedent, Plaintiff and the heirs of Decedent's Estate to cruel and unjust hardship so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future.

122.    Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity are liable for non-economic, economic, general, special and punitive

damages to Decedent, Plaintiff, the heirs and beneficiaries of the Estate in the sum of $45,250,000.00, the exact amount to be determined, but not less than $45,250,000.00.

## XVIII.

### NINETH CAUSE OF ACTION

#### *(Tortious Interference with Rights to Dispose of Remains*

#### *against Defendant Kaiser Foundation et al. including DOES 1-25, Inclusive)*

123.    Plaintiff restates and re-allege each and every allegation contained in Paragraphs 1 through 122 as if fully set forth herein.

124.    By reason the father Plaintiff and the relationship and the loss of love between the father Plaintiff and his dear daughter Decedent, Plaintiff was at all times herein mentioned entitled to control Decedent's remains.

125. Defendant Kaiser Foundation et al. and Trident Society intentionally, willfully, recklessly and/or negligently interfered with Plaintiff's rights to control the remains of Decedent, contrary to the wishes and beliefs of Plaintiff, by committing the acts described herein.

126.    Plaintiff never agreed, and there is absolutely nothing in medical records, the medical reports and the documents in Defendant Kaiser Foundation et al.'s possession and under their control to evidence Defendant Kaiser Foundation et al. contacted and communicated with Plaintiff prior to employing Trident Society to prepare and make arrangements to burn up and cremate Decedent's body.

127.    This interference was intentional, willful, reckless and/or negligent in that Defendant Kaiser Foundation et al.'s actions described herein were illegal, improper, and immoral and that KAISER and all RESPONDENTS intentionally failed to timely and properly inform Plaintiff of the acts described herein prior to or after committing the tortious activity.

128.    Defendant Kaiser Foundation et al.'s disposition of human remains is and was repugnant, offensive, and insulting to Decedent and Plaintiff, to their beliefs, and to a civilized society, and learning of Defendant Kaiser Foundation et al.'s conduct described herein caused and continues to cause Plaintiff and the heirs of Decedent's Estate extreme mental anguish and disgust and disturbed Plaintiff's peace of mind causing Plaintiff to become temporarily sick in

mind and body having to battle permanent grief as a direct result of the wrongful death of his dear daughter Decedent.

129.    As a direct and proximate result of the intentional, willful, reckless, and/or negligent acts of Defendant Kaiser Foundation et al., it is evident Plaintiff and the heir of Decedent's Estate have suffered and continue to suffer non-economic, economic, general, special and punitive damages.

130.    Defendant Kaiser Foundation et al. undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Decedent and Plaintiff, and Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity negligently did so with fraud, oppression and/or malice.

131.    Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity are liable for non-economic, economic, general, special and punitive damages to Decedent, Plaintiff, the heirs and beneficiaries of the Estate in the sum of $45,250,000.00, the exact amount to be determined, but not less than $45,250,000.00.

## XIX.

## TENTH CAUSE OF ACTION

### (Unjust Enrichment

### against Defendant Kaiser Foundation et al. including DOES 1-25, Inclusive)

132.    Plaintiff restates and re-allege each and every allegation contained in Paragraphs 1 through 131 as if fully set forth herein.

133.    At all times relevant to this matter, Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity owed a legal duty to Decedent to not unfairly or unduly take advantage of Decedent or commit wrongful acts in order to unjustly enrich them at Decedent's expense.

134.    During the period from approximately March or April 2013 to June 8, 2022 including to around late July 2022 or early August 2022, Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity unjustly enriched themselves by wrongfully converting, taking, utilizing or managing the Patient Membership, Medicare and Medi-Cal costs and financial interests of Decedent.

135.    As successfully carried herein such acts and omissions pled in each and every cause against Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity evidence unjust enrichment was the actual and proximate cause of harm to Decedent until her wrongful death on June 8, 2022.

136.    As a consequence of Defendant Kaiser Foundation et al.'s conduct and the acts set forth, Defendant Kaiser Foundation et al. were unjustly enriched at the expense of Decedent until her wrongful death on June 8, 2022, in addition, it is Plaintiff's belief and he alleges Defendant Kaiser Foundation et al. use some of the same money swindled out of Decedent to pay Trident Society for Decedent's second gruesome death by cremation in late July or early August 2022.

137.    Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity are liable for non-economic, economic, general, special and punitive damages to Decedent, Plaintiff, the heirs and beneficiaries of the Estate in the sum of $45,250,000.00, the exact amount to be determined, but not less than $45,250,000.00.

## XX.

## ELEVENTH CAUSE OF ACTION

### *(Punitive Damages*

### *against Defendant Kaiser Foundation et al. including DOES 1-25, Inclusive)*

138.    Plaintiff restates and re-allege each and every allegation contained in Paragraphs 1 through 137 as if fully set forth herein.

139.    At all relevant times, Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity owed Decedent a duty to act with due care and regard for Decedent's rights, safety and interests, particularly in light of the fact as defined in California Welfare & Institutions Code §§ 15610.17 and 15610.23 that Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity were Decedent's "Care Custodian" and that Decedent was a "Dependent Adult" who was unable to effectively manage her own affairs.

140.    Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity breached that duty of due care on more than one occasion and such

breaches constitute outrageous conduct and reckless disregard of the rights, safety and interests of Decedent.

141.    Defendant Kaiser Foundation et al. including DOES' outrageous conduct towards Decedent were done with malice or bad motives or reckless indifference to Decedent's interests.

142.    Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity are liable for non-economic, economic, general, special and punitive damages to Decedent, Plaintiff, the heirs and beneficiaries of the Estate in the sum of $45,250,000.00, the exact amount to be determined, but not less than $45,250,000.00.

## XXI.

## TWELFTH CAUSE OF ACTION

### (Wrongful Death

### against Defendant Kaiser Foundation et al including DOES 1-25, Inclusive)

143.    Plaintiff restates and re-allege each and every allegation contained in Paragraphs 1 through 142 as if fully set forth herein.

144.    As a direct and proximate result of the foresaid, Decedent died a wrongful death on June 8, 2022, Plaintiff and the heirs of Decedent's Estate (represented by Plaintiff as Personal Representative pursuant to CCP §§ 377.60, 8400 and 8403-8405), as alleged each have been deprived of Decedent's love, comfort, and society to their general damages as evidenced herein.

145.    *Rose v. City of Los Angeles 814 F. Supp. 878 (CD Cal. 1993),* stands for the proposition that only a "personal representative" can bring a survival action. *Rose* was based on former Prob. Code § 573 that was replaced with CCP § 377.30 in 1992. CCP § 377.30 gives the successor in interest the right to prosecute a survival action when an estate has not been administered, or where it has been closed. *Parsons v. Tickner (1995) 31 Cal.App.4th 1513, 1522* [stating that under CCP § 377.30, "...the law no longer requires the appointment of a personal representative."].

146.    Plaintiff believe and alleges "the judgments are reversed with directions to overrule the demurrers;" in the Opinion of the State of California, Court of Appeals, First

Appellate District, Division Four (April 22, 1975)-Case No.: 34645 namely *Kenneth Dwight Dunwoody, Plaintiff and Appellant v. Richard H. Trapnell et al., Defendants and Respondents*.

147.    Defendant Kaiser Foundation et al. including DOES each in their professional and business capacity are liable for non-economic, economic, general, special and punitive damages to Decedent, Plaintiff, the heirs and beneficiaries of the Estate in the sum of $45,250,000.00, the exact amount to be determined, but not less than $45,250,000.00.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for an order and judgment for relief in the sum of $250,000.00 for Non-Economic damages for each named Defendant/Respondents' default prior to December 20, 2022 as evidenced in the arbitration proceeding against all Respondents.

1.    Plaintiff prays for order and judgment for relief in the sum of $10,000,000.00 for Economic damages, in addition, $35,000,000.00 for General, Special and Punitive damages against Defendant Kaiser Foundation et al. and for such other relief as deemed just and proper, but not less than $35,000,000.00, with the exact amount to be determined because Decedent trusted and relied on Defendant Kaiser Foundation et al. to provide proper medical care and treatments, which Defendant Kaiser Foundation et al. failed to provide that resulted in their breach of fiduciary duty owed to Decedent to act with the utmost care and good faith and in her best interests;

2.    For punitive damages with the exact amount to be determined, in an amount not less, but greater than Plaintiff's prayer for relief to punish Defendant Kaiser Foundation et al. for their reckless, oppressive and intentional breach of duties as healthcare providers;

3.    For the loss of love, the care, the comfort, and society of Decedent;

4.    For restitution of monies paid, with the exact amount to be determined;

5.    For attorneys' fees once counsel has been substituted in as legal representative;

6.    For costs including expert fees and costs, with the exact amount to be determined; and

7.    For such other and further relief as just and proper including leave to amend as needed.

Respectfully submitted,

Date:    February 21, 2023        By: _Edward C. Tidwell_
                                              Edward C. Tidwell

## PLAINTIFF'S OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES
### *(Filed concurrently with Plaintiff's RJN and Declaration)*

1.   Plaintiff's Opposition Points & Authorities to Defendant Kaiser Foundation et al.'s demurrer and motion to strike letter dated February 1, 2023 that Plaintiff received via email from Ondrej Likar, Esq. of Buty & Curliano LLP, which as allowed by law Plaintiff serve an endorsed filed copy of this pleading in response to Defendant Kaiser Foundation et al.'s letter re demurrer and motion to strike.

2.   Pursuant to CCP § 364, FRCP, Rule 8 and Prob. Code §§ 8400 and 8403-8405, as evidenced herein Plaintiff's Point & Authorities are sufficient to withstand Defendant Kaiser Foundation et al.'s defective correspondence dated February 1, 2023 as an example of their demurrer and motion to strike Claimant's [Amended] Demand for Arbitration filed on November 15, 2022.

3.   *Rose v. City of Los Angeles 814 F. Supp. 878 (CD Cal. 1993)*, stands for the proposition that only a "personal representative" can bring a survival action. *Rose* was based on former Prob. Code § 573 that was replaced with CCP § 377.30 in 1992. CCP § 377.30 gives the successor in interest the right to prosecute a survival action when an estate has not been fully administered, or where it pending or has been closed. *Parsons v. Tickner (1995) 31 Cal.App.4th 1513, 1522* [stating that under CCP § 377.30, "...the law no longer requires the appointment of a personal representative."]

4.   Prob. Code § 573 was changed to CCP § 377.34, which - like its predecessor - sets forth the damages recoverable in an action brought by a decedent's personal representative or successor in interest. In *Sullivan v. Delta Air Lines, Inc. (1997) 15 Cal.4th 288, at pp. 301-302*, the California Supreme Court addressed the meaning of the change from Prob. Code § 573 to CCP § 377.34: "...the principal change made throughout the 1992 legislation was to authorize the decedent's successor in interest to bring or defend an action when there are no probate proceedings pending or whether a personal representative is appointed." *(Citing the 1992 Law Revision Com. Rep. (1992), pp. 900-903.)*

5.   It is undisputed that survival actions are permitted under 42 U.S.C. § 1983, if authorized by applicable state law. See *Smith v. City of Fontana, 838 F.2d 1411, 1416 (9th*

*Cir. 1987)*. California law applies to this case and permits survival actions to be brought by the personal representative of the estate of the deceased or by the deceased's successors in interest. See CCP § 377.60 (1996); *Byrd v. Guess, 137 F.3d 1126, 1131 (1998)*.

      6.   To obtain status as a successor in interest, one must show standing. See Prob. Code §§ 8400 and 8403-8405; *Northwest Environmental Defense Center v. BPA, 117 F.3d 1520, 1528 (9th Cir. 1997)*. California law defines "decedent's successor in interest" to mean "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." CCP § 377.11. In instances, such as herein, where the decedent dies without a will, the term "beneficiary of the decedent's estate" means "the sole person or all of the persons who succeed to a cause of action ...." CCP § 377.11. Thus, under California law, any claims that Decedent have had or desired to bring prior to her wrongful death may pass on to her personal representative, heirs or successors in interest. See Prob. Code §§ 8400 and 8403-8405; CCP § 377.11 and CCP § 377.34.

      7.   To establish standing, all Plaintiff need to do here is file a declaration compliant with CCP § 377.22, which filed herewith is Plaintiff's Declaration.

      8.   By way of analogy, if a party to an action dies during the course of a lawsuit, the court may allow the action to be continued by or against the party's representative or successor in interest. Any party to the action or the deceased party's successors may file a "statement of fact of death" of the deceased party. The statement is served and filed in the same manner as a motion generally. FRCP, Rule 25(a)(1); *Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1944)*. Either a party or a deceased party's "representatives or successors" may file the statement. Such "representative" need not be a formally appointed representative of the decedent's estate; there is no need to wait for probate proceedings. *Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469 (2nd Cir. 1998)*.

      Plaintiff allege herein that there is no pending action where he is required as personal representative to file a statement of substitution to be substituted in as Decedent's personal representative.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

It is overwhelmingly evident in the OIA Arbitration Proceeding Case No.: 17819/JAMS Case Ref. No.: 1120016301 that Plaintiff has been prejudiced and placed at disadvantage in that Exhibit 2 to Plaintiff's RJN that is a true and correct copy of JAMS Commencement Disclosures showing 808 Arbitration, Court and Mediations/Neutral Analysis/Other Cases involving Defendant Kaiser Foundation et al., which the point here is all respondents and attorneys of record specifically Mr. Likar and his firm are in serious violations of the federal and state laws mention herein including violations of 18 U.S.C § 1001 and California Penal Code § 115.

For the foregoing reasons, the Notice filed concurrently with the Points & Authorities including Plaintiff's RJN and Declaration, it is evident sufficient facts have been shown that Plaintiff has successfully carried his burden of proof as supported by a true and correct copy of the Duties and Liabilities of Personal Representative attached as Exhibit 1(a) to Plaintiff's RJN, which should be recognized as an officer of the court with standing and the legal authority to proceed here and in the arbitration proceedings as Personal Representative as appointed effective August 8, 2022.

Respectfully submitted,

Date:    February 21, 2023    By: _Edward C. Tidwell_____

Edward C. Tidwell

# REQUEST FOR JUDICIAL NOTICE
### *(Filed concurrently with Plaintiff's Opposition Point & Authorities and Declaration)*

Plaintiff respectfully request thorough examination and judicial notice, pursuant to (the Evid. Code") Federal Rules of Evidence Code §§ 201(b), 201(c), and 201(d), of the facts and documents, as follows:

1. A true and correct copy of the documents and things in connection with Tanesha C-M Tidwell's (Decedent) enrollment and new membership application including the executed member service agreement and the binding arbitration agreement executed around March 2013 between Decedent and Kaiser Foundation Health Plan, Inc. et al. for the purpose of creating a contractual relationship between patient and health care provider to resolve amongst other things grievances, disputes and arbitration proceedings.

2. A true and correct copy of the Civil Cover Sheet and the Complaint for Money Damages and Civil Penalties for Violations of the False Claims Act (Demand for Jury Trial) filed on August 22, 2013 against Kaiser Foundation Health Plan, Inc. et al., which is available for judicial notice online in the United States of America ex rel. [FILED UNDER SEAL]-Case No.: 13-cv-03891-JCS of the United States District Court, Northern District of California, San Francisco Division.

3. A true and correct copy of the United States' Complaint-In-Intervention filed on October 25, 2021 against Kaiser Foundation Health Plan, Inc. et al., which is available for judicial notice online in the United States of America ex rel. and Ronda Osinek-Case No.: 13-cv-03891-EMC of the United States District Court, Northern District of California, San Francisco Division.

4. A true and correct copy of Kaiser Foundation Health Plan, Inc.'s 2019 IRS Form 990 dated October 23, 2020 for the 2019 calendar year, or tax year beginning January 1, 2019, and ending December 31, 2019, which was filed with the Department of the Treasury, Internal Revenue Service, in addition, the Form 990 is available for judicial notice using Kaiser Foundation Health Plan, Inc.'s-EIN: 94-1340523 at the IRS website https://www.irs.gov/charities-and-nonprofits or irs.gov under tab feature Charities & Nonprofits.

5. A true and correct copy of Kaiser Foundation Hospitals' 2019 IRS Form 990 dated

October 26, 2020 for the 2019 calendar year, or tax year beginning January 1, 2019, and ending December 31, 2019, which was filed with the Department of the Treasury, Internal Revenue Service, in addition, the Form 990 is available for judicial notice using Kaiser Foundation Hospitals'-EIN: 94-1105628 at the IRS website https://www.irs.gov/charities-and-nonprofits or irs.gov under tab feature Charities & Nonprofits.

6.    Judicial notice of Defendants Kaiser Foundation and Kaiser Hospitals' activities in violation of 26 U.S.C. §§ 501, 501(c)(3) and CA Gov. Code §§ 12585, 12580-12599.7 may be taken using (the "OAG") State of California, Department of Justice, Office of Attorney General website https://oag.ca.gov/charities/content/info or accessing the OAG's Registry Verification Search feature to determine whether a tax exempt entity is in violation.  It is evident according to the OAG that Kaiser Foundation Health Plan, Inc.-EIN: 94-1340523 and Kaiser Foundation Hospitals-EIN: 94-1105628 are currently in violation as domestic tax exempt business entities operating in the State of California as unregistered organizations.

7.    In violation of the CA Rev./Tax Code §§ 23701 and 23731 et seq., Plaintiff judicial notice relates to Defendants Kaiser Foundation Health Plan, Inc.-EIN: 94-1340523 and Kaiser Foundation Hospitals-EIN: 94-1105628 for their alleged false and fraudulent tax reporting to the FTB that has resulted in suspected federal and state tax law violations.

8.    Attached hereto as Exhibit 1 is true and correct copy for judicial notice of an email dated July 20, 2022 from Aura A. Armas, Esq. of the OIA wherein she attach a copy of (the "Kaiser Rules") Rules for Kaiser Permanente Member Arbitrations amended as of January 1, 2020, which in compliance with the Kaiser Rules, Rule 8 and Rule 9, it is evident Claimant properly served on November 15, 2022 all other Respondents with a copy of the Notice of Intent To Arbitrate (Demand for Arbitration) and a copy of the [Amended] Demand for Arbitration, however, during (the "AMC") Arbitration Management Conference Call on January 6, 2023 before Judge Elfving, it is evident Your Honor prejudiced Claimant by erroneously tossing the default moving papers and the failure to appear against other Respondents in favor of giving Respondents Kaiser Foundation et al. the leverage.

9.    Attached hereto as Exhibit 1(a) is true and correct copy for judicial notice of an email dated in the OIA Arbitration Proceeding Case No.: 17819/JAMS Case Ref. No.: 1120016301 of Edward C. Tidwell's email dated October 17, 2022 including the Order for Probate filed on

1    August 5, 2022 and Letters filed on August 12, 2022 to Heather M. Dixon, Legal Administrative

2    Assistant for Defendant Kaiser Foundation et al., which Plaintiff provided a conformed copy of the

3    Order and a conformed copy of the Letters filed in the Superior Court of California, Contra Costa

4    County, Martinez-Case No.: P22-01134 that shows Plaintiff's appointment as Personal Representative

5    of Decedent' Estate.

6        10.  Attached as Exhibit 2 is true and correct copy of an email dated November 18, 2022

7    from Jacquelynn C. Garcia, Case Manager enclosing JAMS Commencement Disclosure dated

     November 18, 2017 to November 18, 2022 that shows on Page 2 of 3 there are 808 Arbitration,

8    Court and Mediations\Neutral Analysis\Other Cases that relates to Defendant Kaiser Foundation

9    Health Plan, Inc. et al.

10       11.  Attached hereto as Exhibit 3 is a true and correct copy of an email dated

11   November 18, 2022 from Jacquelynn C. Garcia, Case Manager informing that Karume

12   Richards is Case Manager; enclosure of JAMS Access Registration Information and

13   Disclosure Packet that relates to Defendant Kaiser Foundation Health Plan, Inc. et al. in the

14   OIA Arbitration Proceeding Case No.: 17819 and JAMS Case Ref. No.: 1120016301.

15       12.  Attached hereto as Exhibit 4 is a true and correct copy of a letter dated December 8,

16   2022 from Karume Richards, Case Manager regarding new Professional Liability/Malpractice

17   case that relates to Defendants Kaiser Foundation Health Plan, Inc. et al. in the OIA Arbitration

18   Proceeding Case No.: 17819 and JAMS Case Ref. No.: 1120016301.

19       13.  Attached hereto as Exhibit 5 is a true and correct copy of a letter dated January 4,

20   2023 from Karume Richards, Case Manager regarding a new Professional Liability/Malpractice

21   case that relates to Defendant Kaiser Foundation Health Plan, Inc. in the OIA Arbitration

22   Proceeding Case No.: 17819 and JAMS Case Ref. No.: 1120016301.

23       14.  Attached hereto as Exhibit 6 is a true and correct copy of a letter dated January 19,

24   2023 from Karume Richards, Case Manager regarding new a Professional Liability/Malpractice

25   case that relates to Defendant Kaiser Foundation Hospitals et al. in the OIA Arbitration

26   Proceeding Case No.: 17819 and JAMS Case Ref. No.: 1120016301.

27       15.  Attached hereto as Exhibit 7 is a true and correct copy of a letter dated January

28   24, 2023 from Karume Richards, Case Manager regarding new Professional

     Liability/Malpractice case that relates to Defendant Kaiser Foundation Health Plan, Inc. et al. in

the OIA Arbitration Proceeding Case No.: 17819 and JAMS Case Ref. No.: 1120016301.

16. Attached hereto as Exhibit 8 is a true and correct copy of an email dated February 13, 2023 from JAMS Access New Notifications/JAMS Access Team regarding upload of Disclosures of the Honorable Judge William J. Elfving (Ret.) that relates to Defendant Kaiser Foundation Health Plan, Inc. et al. the OIA Arbitration Proceeding Case No.: 17819 and JAMS Case Ref. No.: 1120016301.

17. Attached hereto as Exhibit 9 is a true and correct copies of the Notice of Conference Call dated February 16, 2023 regarding the March 23, 2023 scheduled conference call @ 8:30 a.m. before the Neutral Arbitrator the Honorable Judge William J. Elfving (Ret.).

18. Attached hereto as Exhibit 10 is a true and correct copy of the Register of Actions of documents uploaded and filed on December 5, 2022 to February 16, 2023 that relates to Defendant Kaiser Foundation Health Plan, Inc. et al. in the OIA Arbitration Proceeding Case No.: 17819 and JAMS Case Ref. No.: 1120016301.

Judicial notice of Exhibit 10 the Register of Actions shows documents filed on December 5, 2022 to February 16, 2023 were uploaded in the JAMS Case Ref. No.: 1120016301, which to the date hereof Defendant Kaiser Foundation et al. has failed to produce a valid copy of the executed arbitration agreement and/or a service agreement allegedly dated around March or April 2013 between Decedent and Defendant Kaiser Foundation et al.

Nor has Defendant Kaiser Foundation et al. produced a valid copy of the retainer agreement and/or client service agreement allegedly dated on or prior to November 15, 2022, which Plaintiff demand production to evident whether Defendant Kaiser Foundation et al. including DOES positively identified as Kaiser Insurance; Permanente Medical; Jomok Care; Trident Society (California); Wang; Tzvieli; Trident Society (Texas); Adams; King; Rashid; Bronstein; and Chan actually entered into a contractual relationship on or before November 15, 2022 with Ondrej Likar, Esq. as attorney of record in the arbitration proceedings.

Plaintiff reiterates here that, pursuant to the Kaiser Rules, Rule 8(c) and Rule 9, as evidenced in Exhibit 1 and Exhibit 10 since "all other Respondent(s)" where legally served on or prior to November 15, 2022 with a copy of the [Amended] Demand for Arbitration

1   including Proof of Service, it is evident Judge Elfving prejudiced Claimant just to show special

2   favor to Defendant Kaiser Foundation et al. by disregarding Claimant's moving papers

3   submitted December 20, 2022 as default requests that were supported by Claimant's judicial

4   notice filed on December 19, 2022.

5                                                    Respectfully submitted,

6   Date:      February 21, 2023          By   *Edward C. Tidwell*

7                                                    Edward C. Tidwell

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF EDWARD C. TIDWELL
### *(Filed concurrently with Plaintiff's Opposition Point & Authorities and RJN)*

I, the undersigned declare, I am filing this Declaration in support of the moving papers submitted as Plaintiff's Point & Authorities with the judicial notice in support thereof in response to Defendant Kaiser Foundation et al.'s letter dated February 1, 2023 in opposition to Plaintiff's movement for default and default judgment requested and Plaintiff's judicial notice docketed in JAMS Case Ref No.: 1120016301 and the OIA Case No.: 17819.

I have personal knowledge of the facts, documents and information presented herein and if called Plaintiff could and would competently testify to the best of my knowledge and abilities that the documents on for judicial notice are authentic and that each document and the information presented support Plaintiff's Points & Authorities and the RJN.

1.   As requested in Plaintiff's RJN the documents and things in connection with Decedent's enrollment and new membership application including a copy of the executed member service agreement and the binding arbitration agreement executed around March 2013 or April 2013 between Decedent and Kaiser Foundation Health Plan, Inc. et al. for the purpose of creating a contractual relationship between patient and health care provider to resolve amongst other things grievances, disputes and arbitration proceedings.

2.   As requested in Plaintiff's RJN that the District Court take judicial notice of the Civil Cover Sheet and the Complaint for Money Damages and Civil Penalties for Violations of the False Claims Act (Demand for Jury Trial) filed on August 22, 2013 against Defendant Kaiser Foundation Health Plan, Inc. et al. in the United States of America ex rel. [FILED UNDER SEAL]-Case No.: 13-cv-03891-JCS of the United States District Court, Northern District of California, San Francisco Division.

3.   As requested in Plaintiff's RJN that the District Court take judicial notice of the United States' Complaint-In-Intervention filed on October 25, 2021 Defendant Kaiser Foundation Health Plan, Inc. et al. in the United States of America ex rel. and Ronda Osinek-Case No.: 13-cv-03891-EMC of the United States District Court, Northern District of California, San Francisco Division.

4.   As requested in Plaintiff's RJN that the District Court take judicial notice of Defendant Kaiser Foundation Health Plan, Inc.'s 2019 IRS Form 990 dated October 23, 2020 for the 2019 calendar year, or tax year beginning January 1, 2019, and ending December 31, 2019 using Defendant Kaiser Foundation Health Plan, Inc.'s-EIN: 94-1340523 at the Department of the Treasury, Internal Revenue Service's website https://www.irs.gov/charities-and-nonprofits or irs.gov under tab feature Charities & Nonprofits.

5.   As requested in Plaintiff's RJN that the District Court take judicial notice of Defendant Kaiser Foundation Hospitals' 2019 IRS Form 990 dated October 26, 2020 for the 2019 calendar year, or tax year beginning January 1, 2019, and ending December 31, 2019 using Defendant Kaiser Foundation Hospitals'-EIN: 94-1105628 at the Department of the Treasury, Internal Revenue Service's website https://www.irs.gov/charities-and-nonprofits or irs.gov under tab feature Charities & Nonprofits.

6.   As requested in Plaintiff's RJN that the District Court take judicial notice of Defendants Kaiser Foundation Health Plan, Inc.-EIN: 94-1340523 and Kaiser Foundation Hospitals-EIN: 94-1105628 violations of 26 U.S.C. §§ 501, 501(c)(3) and CA Gov. Code §§ 12585, 12580-12599.7 as mandated by (the "OAG") State of California, Department of Justice, Office of Attorney General using their website https://oag.ca.gov/charities/content/info or accessing the OAG's Registry Verification Search to determine said tax exempt entity's violations.

7.   As requested in Plaintiff's RJN that the District Court take judicial notice of Defendants Kaiser Foundation Health Plan, Inc.-EIN: 94-1340523 and Kaiser Foundation Hospitals-EIN: 94-1105628 violations of the CA Rev./Tax Code §§ 23701 and 23731 et seq. that relates to Defendants Kaiser Foundation and Kaiser Hospitals' alleged false and fraudulent tax reporting to the FTB that has resulted in suspected federal and state tax law violations.

8.   As requested in Plaintiff's RJN that the District Court take judicial notice of Exhibit 1 a true and correct copy for judicial notice of an email dated July 20, 2022 from Aura A. Armas, Esq. of the OIA wherein she attach a copy of (the "Kaiser Rules") Rules for Kaiser Permanente Member Arbitrations amended as of January 1, 2020.

9.   Attached hereto as Exhibit 1(a) is true and correct copy for judicial notice of an email

dated in the OIA Arbitration Proceeding Case No.: 17819/JAMS Case Ref. No.: 1120016301 of Edward C. Tidwell's email dated October 17, 2022 including the Order for Probate filed on August 5, 2022 and Letters filed on August 12, 2022 to Heather M. Dixon, Legal Administrative Assistant for Defendant Kaiser Foundation et al., which Plaintiff provided a conformed copy of the Order and a conformed copy of the Letters filed in the Superior Court of California, Contra Costa County, Martinez-Case No.: P22-01134 that shows Plaintiff's appointment as Personal Representative of Decedent's Estate.

10. As requested in Plaintiff's RJN that the District Court take judicial notice of Exhibit 2 a true and correct copy of an email dated November 18, 2022 from Jacquelynn C. Garcia, Case Manager enclosing JAMS Commencement Disclosure dated November 18, 2017 to November 18, 2022 that shows on Page 2 of 3 there are 808 Arbitration, Court and Mediations\Neutral Analysis\Other Cases that relates to Defendant Kaiser Foundation Health Plan, Inc. et al.

11. As requested in Plaintiff's RJN that the District Court take judicial notice of Exhibit 3a true and correct copy of an email dated November 18, 2022 from Ms. Garcia including enclosure of the Registration Information provided by JAMS to enable the court register for an account to thoroughly examine and take judicial notice of the facts and documents, in addition, the email of Ms. Garcia inform of Mr. Richards' contact information.

12. As requested in Plaintiff's RJN that the District Court take judicial notice of Exhibit 4 a true and correct copy of a letter dated December 8, 2022 from Karume Richards, Case Manager regarding new Professional Liability/Malpractice case that relates to Defendants Kaiser Foundation Health Plan, Inc. et al. in the OIA Arbitration Proceeding Case No.: 17819 and JAMS Case Ref. No.: 1120016301.

13. As requested in Plaintiff's RJN that the District Court take judicial notice of Exhibit 5 a true and correct copy of a letter dated January 4, 2023 from Karume Richards, Case Manager regarding a new Professional Liability/Malpractice case that relates to Defendant Kaiser Foundation Health Plan, Inc. in the OIA Arbitration Proceeding Case No.: 17819 and JAMS Case Ref. No.: 1120016301.

1    14.  As requested in Plaintiff's RJN that the District Court take judicial notice of Exhibit

2  6 a true and correct copy of a letter dated January 19, 2023 from Karume Richards, Case Manager

3  regarding new a Professional Liability/Malpractice case that relates to Defendant Kaiser

4  Foundation Hospitals et al. in the OIA Arbitration Proceeding Case No.: 17819 and JAMS Case

5  Ref. No.: 1120016301.

6    15.  As requested in Plaintiff's RJN that the District Court take judicial notice of Exhibit 7

7  a true and correct copy of a letter dated January 24, 2023 from Karume Richards,

8  Case Manager regarding new Professional Liability/Malpractice case that relates to Defendant

9  Kaiser Foundation Health Plan, Inc. et al. in the OIA Arbitration Proceeding Case No.: 17819 and

   JAMS Case Ref. No.: 1120016301.

10    16.  As requested in Plaintiff's RJN that the District Court take judicial notice of Exhibit

11  8 a true and correct copy of an email dated February 13, 2023 from JAMS Access New

12  Notifications/JAMS Access Team regarding upload of Disclosures of the Honorable Judge

13  William J. Elfving (Ret.) that relates to Defendant Kaiser Foundation Health Plan, Inc. et al. the

14  OIA Arbitration Proceeding Case No.: 17819 and JAMS Case Ref. No.: 1120016301.

15    17.  As requested in Plaintiff's RJN that the District Court take judicial notice of Exhibit

16  9 a true and correct copies of the Notice of Conference Call dated February 16, 2023 regarding the

17  March 23, 2023 scheduled conference call @ 8:30 a.m. before the Neutral Arbitrator the

18  Honorable Judge William J. Elfving (Ret.).

19    18.  As requested in Plaintiff's RJN that the District Court take judicial notice of Exhibit

20  10 a true and correct copy of the Register of Actions of documents uploaded and filed on

21  December 5, 2022 to February 16, 2023 that relates to Defendant Kaiser Foundation Health Plan,

22  Inc. et al. in the OIA Arbitration Proceeding Case No.: 17819 and JAMS Case Ref. No.: 1120016301.

23    I declare under penalty of perjury as a citizen protected under the Constitutional Laws and

24  the laws of the State of California and of the United State of America that the foregoing is true and

25  correct and that this Declaration is executed on the 21st day of February 2023 in Oakley, California,

26  Contra Costa County.

                    Respectfully submitted,

27

28                    By _Edward C. Tidwell_____

                      Edward C. Tidwell

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6            FOR THE NORTHERN DISTRICT OF CALIFORNIA,

7                          OAKLAND DIVISION

8

9    EDWARD C. TIDWELL,                  )      Case No.:
     as Personal Representative of the Estate of  )
10                                        )
     TANESHA CAPTOLAR MAE TIDWELL aka     )
11   TANESHA C-M TIDWELL or               )
     TANESHA TIDWELL,                     )
12                                        )
13           Plaintiff/Claimant,          )
                                          )      [PROPOSED] ORDER
14           v.                           )
     KAISER FOUNDATION HEALTH PLAN, INC.  )
15   KAISER FOUNDATION HOSPITALS,         )
     THE PERMANENTE MEDICAL GROUP, INC.,  )
16   KAISER PERMANENTE, and               )
17   DOES 1-25, Inclusive,                )
                                          )
18                                        )
                                          )
19           Defendants/Respondents.      )
                                          )
20

21       The Court having examined whether Plaintiff notified and gave the potential

22   defendants and respondents the *Notice of Intent to Sue* as required under CCP § 364 that has

23   been entered in the above-captioned case, and the Court having considered the *Notice of Intent*

24   *to Sue*, and all the supporting papers including the Complaint for Damages and Plaintiff's

25   Opposition Point & Authorities, which the Court finds good cause exist to issue appropriate

26   order granting that Plaintiff has presented sufficient facts provided under CA Prob. Code §§

27   8400 and 8403-8405, that he as Personal Representative of the estate has standing to bring this

28   action, additionally, the Court finds no legal basis as to why Plaintiff as Personal Representative

1   should be denied his legal rights and privileges to prosecute and maintain the arbitration

2   proceedings, therefore, it is,

3        **ORDERED, ADJUDGED, and DECREED:**

4        That this matter be entered in the general docket as described in the above-captioned

5   case and that matter remain active until further notice or order issued accordingly.

6        **AS ORDERED BY THE COURT.**

7

8

9   Date: _____

10                         _____ United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

In the OIA Arbitration Proceeding Case No.: 17819/JAMS Case Ref. No.: 1120016301 is Edward C. Tidwell's receipt of email dated July 26 2022 from Aura A. Armas, Esq. of the OIA wherein she attached a copy of (the "Kaiser Rules") Rules for Kaiser Permanente Member Arbitrations amended as of January 1, 2020, which the Kaiser Rules, Rule 8(c) and Rule 9, in pertinent part, states "All other Respondent(s), including individuals, must be served as required by the California Code of Civil Procedure for a civil action" and "All Respondent(s) served with a Demand for Arbitration in the manner described above shall be Parties to the arbitration."

## EXHIBIT 1

Exhibits to Request for Judicial Notice of Plaintiff Edward C. Tidwell, as Personal Representative of the Estate of Tanesha Captolar Mae Tidwell aka Tanesha C-M Tidwell or Tanesha Tidwell v. Kaiser Foundation Health Plan, Inc. et al. United State District Court, Northern California.

# RE: Demand for Arbitration Against Kaiser Permanente et al.

From: OIA (oia@oia-kaiserarb.com)

To: edwardctidwell@yahoo.com

Date: Tuesday, July 26, 2022 at 03:46 PM PDT

Dear Mr. Tidwell:

I'm sorry for your loss. Our office (OIA) administer arbitration between Kaiser and its members. We do not represent either party in a case. Our role is much like that of a court clerk. We are responsible for ensuring the parties and Neutral Arbitrator are following the OIA Rules.

We are not able to provide a list of attorneys that represent claimants. However, on our website under consumer case information, you will find disclosures from our office which includes information on attorneys that represent claimants. You can try finding an attorney that way, or search through the California State Bar.

You are correct in your understanding below of how to serve the Demand for Arbitration to Kaiser's legal department

If you have additional questions please let me know, or call 213-637-9847.

Thank you,

Aura A. Armas
Office of the Independent Administrator
Law Offices of Marcella A. Bell
aarmas@lawofficemab.com
WWW.OIA-KAISERARB.COM

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient, or the employee or agent responsible for delivery of this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error please immediately notify the sender and delete this e-mail message from your computer.

-----Original Message-----
From: Edward C. Tidwell <edwardctidwell@yahoo.com>
Sent: Tuesday, July 26, 2022 1:19 PM
To: OIA <oia@oia-kaiserarb.com>; Aura Armas <aarmas@lawofficemab.com>
Subject: Re: Demand for Arbitration Against Kaiser Permanente et al.

Aura A. Armas
Office of the Independent Administrator
Law Offices of Marcella A. Bell

Thank for your quick response as to my desire to submit a Demand for Arbitration against Kaiser Foundation Health Plan, Inc. et al. I have not been able to sleep, rest and maintain focus since the passing on June 8, 2022, of my dear daughter. It's extremely painful, depressing and stressful to the point it almost seems unbearable. Every direction I pursue appears to end with a dead end and a darker room.

Are you an independent law firm with a heart for suffering ones like me? Is your firm accepting new clients or do your office have a list of credible medical malpractice, personal injuries and wrongful death attorneys? I'm searching the Rule 12 information you provided, but I'm not sure how the fee waiver applications submission works.

It is my understanding that I may use plain paper instead of pleading paper compile and file the Demand for Arbitration send it via U.S. Postal Service Regular Mail-Certified Mail with Return Receipt Requested to Kaiser Foundation Health Plan, Inc. Correct?

Again, are you able to represent me on behalf of my deceased daughter? Please let me know when time permits.

Respectfully,

Edward C. Tidwell

On Wednesday, July 20, 2022, 09:07:08 AM PDT, OIA <oia@oia-kaiserarb.com> wrote:

Good morning:

If you wish to file a demand for arbitration against Kaiser, please send your demand to Kaiser's Legal Department. I attach to this e-mail the Rules for Kaiser Permanente Member Arbitrations for your information. Depending on what region you are in (Northern California, Southern California) you should send your demand to the corresponding legal department, see Rule 8. Your demand should include your contact information, who the respondents are, the basis of your claim, and the damages you are seeking, see Rule 7.

In Northern California, the respondents that can be named are: Kaiser Foundation Health Plan, Inc., Kaiser Permanente Insurance Corporation, Kaiser Foundation Hospitals, and The Permanente Medical Group, Inc. They shall be served by mailing the Demand addressed to the Respondent(s) in care of:

Kaiser Foundation Health Plan, Inc.
Legal Department
1950 Franklin Street, 17th Floor
Oakland, CA 94612

Service on that Respondent shall be deemed complete when received.

There is a $150.00 filing fee for the demand. There are fee waiver applications available if you need them, see Rule 12.

Once Kaiser receives your demand they have 10 days to forward it to this office for administration. You may find more information regarding this process at www.oia-kaiserarb.com.

If you have other questions, please let me know or call 213.637.9847.

Thank you,

Aura A. Armas
Office of the Independent Administrator
Law Offices of Marcella A. Bell
aarmas@lawofficemab.com
WWW.OIA-KAISERARB.COM

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient, or the employee or agent responsible for delivery of this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error please immediately notify the sender and delete this e-mail message from your computer.

-----Original Message-----
From: Edward C. Tidwell <edwardctidwell@yahoo.com>
Sent: Wednesday, July 20, 2022 7:18 AM
To: OIA <oia@oia-kaiserarb.com>
Subject: Demand For Arbitration Against Kaiser Permanente et al.

Good morning! While she was still an active member of Kaiser Permanente my dear daughter passed on June 8, 2022, at Kaiser Antioch California medical facility. Please accept this email as request for help to understand how to start the arbitration, with hope that a thorough examination and investigation be conducted into the alleged personal injuries and the wrongful death of my daughter. My daughter teenage son (my grandson), her mom, siblings and love ones are hurt and nearly devastated as a result of the circumstances involving the death of my daughter. I/we are far

2/16/23, 9:39 PM
Yahoo Mail - RE: Demand for Arbitration Against Kaiser Permanente et al
Case 3:23-cv-00776-AGT   Document 1   Filed 02/22/23   Page 51 of 113

as I know are not represented by legal counsel with help to obtain medical reports and records from Kaiser, however, the medical reports and records are needed as soon as possible. We need full closure to rest in peace.

Thank you kindly for your help.

Sincerely,

Edward C. Tidwell
81 Carol Lane, Apt. #208
Oakley, California 94561
T: (510) 470-8422
E: edwardctidwell@yahoo.com

# RULES FOR KAISER PERMANENTE MEMBER ARBITRATIONS

### ADMINISTERED BY

## THE OFFICE OF THE INDEPENDENT ADMINISTRATOR

## AMENDED AS OF JANUARY 1, 2020

# TABLE OF CONTENTS

A.  GENERAL RULES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

  1.  Goal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

  2.  Administration of Arbitration . . . . . . . . . . . . . . . . . . . . 1

  3.  Confidentiality . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

  4.  Code of Ethics . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

  5.  Meaning of Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . 1

  6.  Authority of Arbitrators . . . . . . . . . . . . . . . . . . . . . . 1

  7.  Contents of the Demand for Arbitration . . . . . . . . . . . . . . . 1

  8.  Serving Demand for Arbitration . . . . . . . . . . . . . . . . . . . 2

  9.  Serving Other Documents . . . . . . . . . . . . . . . . . . . . . . . 2

  10.  Representation . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B.  RULES ON COMMENCEMENT OF ARBITRATION AND SELECTION OF ARBITRATORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

  11.  Initiation of Arbitration . . . . . . . . . . . . . . . . . . . . . 3

  12.  Filing Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

  13.  Waiver of Filing and Neutral Arbitrator Fees . . . . . . . . . . . . 4

  14.  Number of Arbitrators . . . . . . . . . . . . . . . . . . . . . . . 4

  15.  Payment of Neutral Arbitrator Fees and Expenses . . . . . . . . . . 5

  16.  List of Possible Arbitrators . . . . . . . . . . . . . . . . . . . . 6

  17.  Joint Selection of the Neutral Arbitrator . . . . . . . . . . . . . 6

  18.  Selection of the Neutral Arbitrator When the Parties Do Not Agree . 7

  19.  Acceptance by the Neutral Arbitrator . . . . . . . . . . . . . . . . 8

  20.  Disclosure and Challenge . . . . . . . . . . . . . . . . . . . . . . 8

  21.  Postponement of Selection of Neutral Arbitrator . . . . . . . . . . 8

  22.  Selection of the Party Arbitrator . . . . . . . . . . . . . . . . . 9

  23.  Appointment of Chairperson . . . . . . . . . . . . . . . . . . . . . 9

C.  RULES FOR REGULAR PROCEDURES . . . . . . . . . . . . . . . . . . . . . 9

  24.  Deadline for Closing Cases . . . . . . . . . . . . . . . . . . . . . 9

  25.  Arbitration Management Conference . . . . . . . . . . . . . . . . . 10

26.   **Mandatory Settlement Meeting** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

27.   **Discovery** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28.   **Postponements** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

29.   **Failure to Appear** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

30.   **Securing Witnesses for the Arbitration Hearing** . . . . . . . . . . . . . . . . . . . 13

31.   **Close of Hearing or Proceeding** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

32.   **Documents** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

D.   **RULES FOR EXPEDITED PROCEDURES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

33.   **Expedited Procedures** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

34.   **Seeking Expedited Procedures from the Independent Administrator** . . . . . 14

35.   **Seeking Expedited Procedures from the Neutral Arbitrator** . . . . . . . . . . . . 15

36.   **Telephonic Notice** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

E.   **RULES ON AWARD AND ENFORCEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

37.   **Time of Award** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

38.   **Form of Award** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

39.   **Delivery of the Award** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

40.   **Notice after Settlement or Withdrawal** . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

41.   **Sanctions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

42.   **Release of Documents for Judicial Proceedings** . . . . . . . . . . . . . . . . . . . 16

F.   **RULES OF ADMINISTRATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

43.   **Counting of Days** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

44.   **No Limit on Immunity** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

45.   **Neutral Arbitrator Fees** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

46.   **Expenses** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

47.   **Forms** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

48.   **Questionnaire** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

49.   **Evaluation** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

50.   **Amendment of Rules** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

51.   **Conflict with Law** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

52.    **Acknowledgment of No Warranty** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

53.    **Public Reporting** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

54.    **Legal Advice** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## A.    GENERAL RULES

### 1.    Goal

These Rules are intended to provide an arbitration process that is fair, timely, lower in cost than litigation, and that protects the privacy interests of all Parties.

### 2.    Administration of Arbitration

The arbitrations conducted under these Rules shall be administered by the Office of the Independent Administrator.  Arbitrations conducted under these Rules shall be considered to be consumer arbitrations under California law.

### 3.    Confidentiality

Information disclosed to, and documents received by, an Arbitrator or the Independent Administrator by or from the Parties, their representatives, or witnesses in the course of the arbitration shall not be divulged by the Arbitrator or the Independent Administrator.  With respect to the Independent Administrator, this Rule shall not apply to communications concerning Arbitrators, disclosures required by law, or statistical information used in its annual reports.

### 4.    Code of Ethics

All Neutral Arbitrators shall comply with the Ethics Standards for Neutral Arbitrators in Contractual Arbitration, Division VI of the Appendix to the California Rules of Court ("Ethics Standards.") All party arbitrators shall comply with the AAA Code of Ethics for Arbitrators in Commercial Disputes.

### 5.    Meaning of Arbitrator

The term "Arbitrator" in these Rules refers to the arbitration panel, whether composed of one or more Arbitrators or whether the Arbitrators are Neutral or Party.  The term "Party Arbitrator" means an Arbitrator selected by one of the sides to the arbitration.  The term "Neutral Arbitrator" means any Arbitrator other than a "Party Arbitrator."

### 6.    Authority of Arbitrators

Once appointed, the Neutral Arbitrator will resolve disputes about the interpretation and applicability of these Rules, including disputes relating to the duties of the Arbitrator and the conduct of the Arbitration Hearing. In cases involving more than one Arbitrator, however, issues that are dispositive with respect to a claim, including summary judgment motions, will be ruled on by all three Arbitrators and decided by a majority of them. Upon commencement of the Arbitration Hearing and thereafter, all substantive decisions shall be made by a majority of the full panel or as otherwise agreed by them.

### 7.    Contents of the Demand for Arbitration

The Demand for Arbitration shall include the basis of the claim against the Respondent(s); the amount of damages the Claimant(s) seeks in the arbitration; the name, address and telephone number of the Claimant(s) and their attorney, if any; and the name of all Respondent(s).  Claimant(s)

1

shall include all claims against Respondent(s) that are based on the same incident, transaction, or related circumstances in the Demand for Arbitration.

8. **Serving Demand for Arbitration**

   a.  In Northern California, Kaiser Foundation Health Plan, Inc. ("Health Plan"), Kaiser Permanente Insurance Corporation ("KPIC"), Kaiser Foundation Hospitals, and/or The Permanente Medical Group, Inc. shall be served with a Demand for Arbitration by mailing the Demand for Arbitration addressed to that Respondent(s) in care of:

       Kaiser Foundation Health Plan, Inc.
       Legal Department
       1950 Franklin Street, 17th Floor
       Oakland, CA 94612

       Service on that Respondent shall be deemed completed when received.

   b.  In Southern California, Health Plan, Kaiser Foundation Hospitals, and/or Southern California Permanente Medical Group, shall be served with a Demand for Arbitration by mailing the Demand for Arbitration to that Respondent(s) in care of:

       Kaiser Foundation Health Plan, Inc.
       Legal Department
       393 East Walnut Street
       Pasadena, CA 91188

       Service on that Respondent shall be deemed completed when received.

   c.  All other Respondent(s), including individuals, must be served as required by the California Code of Civil Procedure for a civil action.

   d.  All Respondent(s) served with a Demand for Arbitration in the manner described above shall be Parties to the arbitration. The Arbitrator shall have jurisdiction only over Respondent(s) actually served. If Claimant(s) serves any Respondent(s) other than an organization affiliated with Kaiser Permanente, the Claimant(s) shall serve a proof of service of that Respondent(s) on the Independent Administrator.

   e.  Where an order to arbitrate has been entered, the underlying court complaint constitutes the Demand for Arbitration and the entry of the order constitutes its service.

9. **Serving Other Documents**

   a.  Service of other documents required by these Rules will be made on the Parties or Arbitrator at their last known address. If the Party is represented in this arbitration, that counsel shall be served instead of the Party. Service may be made by personal service, Federal Express or other similar services, facsimile transmission, or by U.S. mail.

   b.  Parties should only serve the Independent Administrator with those documents specified in these Rules. Unless otherwise directed by the Neutral Arbitrator, the Parties should not serve the Independent Administrator with copies of motions or briefs. Service for the Independent Administrator shall be directed to:

Office of the Independent Administrator for the
  Kaiser Foundation Health Plan, Inc.
635 S. Hobart Blvd., #A35
Los Angeles, CA 90005

> or

Fax:   213-637-8658

> or

Email: oia@oia-kaiserarb.com.

c.   If a Party or Arbitrator serves the Independent Administrator by fax or email, the Party or Arbitrator shall call the Independent Administrator's office at 213-637-9847 to confirm receipt or shall retain confirmation of receipt of the faxed or emailed document.

d.   Service on the Independent Administrator is effective on the date the Independent Administrator receives the document.

### 10.  Representation

Parties represented by counsel shall not contact the Independent Administrator except through counsel.

## B.  RULES ON COMMENCEMENT OF ARBITRATION AND SELECTION OF ARBITRATORS

### 11.  Initiation of Arbitration

Demands for Arbitration shall be served in accordance with Rule 8. Whether or not the Claimant(s) has enclosed a filing fee, within ten (10) days of such service upon the Health Plan at the address set forth in Rule 8, Health Plan shall transmit the Demand for Arbitration and the envelope it came in to the Independent Administrator using the Transmission Form. If the Claimant(s) submitted a filing fee with the Demand, the Health Plan shall transmit the filing fee as well. Health Plan shall also serve a copy of the Transmission Form on the Claimant(s).

### 12.  Filing Fee

a.   Claimant(s) seeking arbitration shall pay a single, non-refundable, filing fee of $150 per arbitration payable to "Arbitration Account" regardless of the number of claims asserted in the Demand for Arbitration or the number of Claimants or Respondents named in the Demand for Arbitration.

b.   **The Independent Administrator will waive the filing fee for Claimant(s) who submit forms that show that the Claimants' gross monthly income is less than 300 percent of the federal poverty guidelines. A copy of this form may be obtained from the Independent Administrator. Claimants should not serve a copy of this form on Respondent(s).**

c.   If Claimant(s) wishes to have both the filing fee and the Neutral Arbitrators' fees waived, the Claimant(s) should follow the procedure set out in Rule 13. If Claimant(s) wishes only to avoid paying the fees for the Neutral Arbitrator, but can afford the filing fee or has received a waiver under 12.b, the Claimant(s) should follow the procedure set out in Rule 15.

d. If a Claimant(s) fails to pay the filing fee or obtain a waiver of that fee within seventy-five (75) days of the date of the Transmission Form, the Independent Administrator will not process the Demand and it shall be deemed abandoned.

e. While the filing fee is normally non-refundable, if Claimant(s) has paid the filing fee with the Demand for Arbitration before receiving notice of the opportunity to have it waived, the Independent Administrator will refund the fee if it receives a completed waiver form within seventy-five (75) days of the date of the Transmission Form and grants the waiver.

## 13. Waiver of Filing and Neutral Arbitrator Fees

Any Claimant(s) who claims extreme hardship may request that the Independent Administrator waive the filing fee and Neutral Arbitrator's fees and expenses. A Claimant(s) who seeks such a waiver shall complete the Fee Waiver Form and submit it to the Independent Administrator and simultaneously serve it upon Respondent(s). The Fee Waiver Form sets out the criteria for waiving fees and is available from the Independent Administrator or by calling the Kaiser Permanente Member Service Customer Center at 1-800-464-4000. Respondent(s) may submit any response to the Independent Administrator within ten (10) days of the date of Claimant's Fee Waiver Form, and shall simultaneously serve any submission upon Claimant(s). Within fifteen (15) days of receipt of a Fee Waiver Form, the Independent Administrator shall determine whether the fees should be waived and notify the Parties in writing of the decision. In those cases where the Independent Administrator grants the waiver of fees, the Independent Administrator shall waive the filing fee and Health Plan shall pay the Neutral Arbitrator's fees and expenses.

## 14. Number of Arbitrators

a. If the Demand for Arbitration seeks total damages of $200,000 or less, the dispute shall be heard and determined by one Neutral Arbitrator, unless the Parties otherwise agree in writing, after a dispute has arisen and a request for binding arbitration has been submitted, that the arbitration shall be heard by two Party Arbitrators and a Neutral Arbitrator. The Arbitrators shall not have authority to award monetary damages that are greater than $200,000.

b. If the Demand for Arbitration seeks total damages of more than $200,000, the dispute may be heard and determined by one Neutral Arbitrator and two Party Arbitrators, one appointed by the Claimant(s) and one appointed by the Respondent(s). Parties who are entitled to select a Party Arbitrator under these Rules may agree to waive this right. If both Parties agree, these arbitrations will be heard by a single Neutral Arbitrator.

c. A Party who is entitled to a Party Arbitrator and decides to waive this right shall sign a Waiver of Party Arbitrator Form and serve a copy of it upon the Independent Administrator, Neutral Arbitrator, and other Party. The Claimant(s) shall serve this form on the Neutral Arbitrator and Respondent(s) no later than the date of the Arbitration Management Conference set out in Rule 25 and shall serve the Independent Administrator no later than five (5) days after serving the other Parties. If a Claimant(s) serves Respondent(s) with a signed Waiver of Party Arbitrator - Claimants Form, Respondent(s) shall inform Claimant(s) within five (5) days of the date of that Form if Respondent(s) will also waive the Party Arbitrator.

d. The Blue Ribbon Advisory Panel on Kaiser Permanente Arbitration concluded that Party Arbitrators increase the cost and cause more delay than would occur with a single Neutral Arbitrator. The Independent Administrator therefore encourages Parties to use a single Neutral Arbitrator to decide cases.

e. The number of Arbitrators may affect the Claimant(s)' responsibility for paying the Neutral Arbitrator's fees and expenses, as set out in Rule 15.

15. **Payment of Neutral Arbitrator Fees and Expenses**

a. Respondent shall pay for the fees and expenses incurred by the Neutral Arbitrator if

   i. Claimant(s) agrees to waive any potential objection arising out of such payment, signs the Waiver of Objection to Payment of Fees Form, and serves a copy of it on the Independent Administrator and Respondent(s); and

   ii. either the arbitration has only a single Neutral Arbitrator or the Claimant(s) has served a Waiver of Party Arbitrator - Claimants Form as set out in Rule 14.c.

b. In arbitrations where the Independent Administrator has granted Claimant's Fee Waiver request, Respondent shall pay the fees and expenses incurred by the Neutral Arbitrator.

c. In all other arbitrations, the fees and expenses of the Neutral Arbitrator shall be paid one-half by the Claimant(s) and one-half by the Respondent(s).

d. Nothing in this Rule shall prohibit an order requiring the payment of the Neutral Arbitrator's fees and expenses which were incurred as a result of conduct which causes the Neutral Arbitrator to incur needless fees and expenses. Such conduct includes, but is not limited to, failure to respond to discovery requests, abusive discovery practices, the filing of frivolous motions of all sorts, and untimely requests for continuances. In the event that such a finding is made by the Neutral Arbitrator, those fees and expenses shall be paid by the responsible Party or counsel. The Neutral Arbitrator shall make such a finding in writing, shall specify what fees and expenses are covered by the order, and shall serve a copy of the finding on the Independent Administrator with the Parties' names redacted.

e. In arbitrations brought by Health Plan or KPIC:

   i. "Claimant(s)" means KPIC or Health Plan. "Respondent(s)" means the member or member's family or representative.

   ii. Claimant KPIC or Health Plan shall pay for fees and expenses incurred by the Neutral Arbitrator if:

      (a) Respondent(s) agrees to waive any potential objection arising out of such payment, signs the Waiver of Objection to Payment of Fees Form, and serves a copy of it on the Independent Administrator and Claimant(s); and

      (b) either the arbitration has only a single Neutral Arbitrator or the Respondent(s) has served a Waiver of Party Arbitrator - Consumer Form as set forth in Rule 14c.

iii.    If the Respondent fails to appear in the arbitration, KPIC or Health Plan shall pay for the fees and expenses incurred by the Neutral Arbitrator.

## 16.    List of Possible Arbitrators

a.    Within three (3) business days after the Independent Administrator has received both the Demand for Arbitration and the filing fee, or has granted a request for waiver of fees, it shall simultaneously send to each Party an identical List of Possible Arbitrators, along with the Application forms of and redacted Awards, if any, by each of the possible Neutral Arbitrators.

b.    The List of Possible Arbitrators shall contain the names of twelve (12) persons. The Independent Administrator will choose the twelve (12) names at random from the Independent Administrator's arbitration panel for San Diego, Southern or Northern California, based on the location where the cause of action arose.

c.    Unless there is a ninety (90) day continuance pursuant to Rule 21, the Independent Administrator must receive the Parties' responses to the List of Possible Arbitrators on or before the deadline date appearing on the List of Possible Arbitrators. This deadline will be twenty (20) days from the day the Independent Administrator sent the List of Possible Arbitrators. Rules 17 and 18 specify how the Parties may respond.

## 17.    Joint Selection of the Neutral Arbitrator

a.    The Parties may all agree upon a person listed on the List of Possible Arbitrators. If they do, the Parties and counsel shall sign the Joint Selection of Neutral Arbitrator Form. Unless there is a ninety (90) day continuance pursuant to Rule 21, the Independent Administrator must receive the form by the deadline set out in Rule 16.c.

b.    Rather than selecting a Neutral Arbitrator from the List of Possible Arbitrators, the Parties may agree to select another person to serve as Neutral Arbitrator, provided that the person agrees in writing to comply with these Rules. If the Parties collectively select a person not on the List of Possible Arbitrators, all the Parties and counsel shall complete and sign the Joint Selection of Neutral Arbitrator Form. Unless there is a ninety (90) day continuance pursuant to Rule 21, the Independent Administrator must receive the form by the deadline set out in Rule 16.c.

c.    The Independent Administrator encourages Parties, if possible, to make more than one joint selection and requires the Claimant and Respondent to individually submit the List of Possible Arbitrators under Rule 18. If the person the Parties have jointly selected is unable to serve, the Independent Administrator will then first use other joint selection(s). If only one joint selection was submitted, the Independent Administrator will then use the strike and ranked List(s) of Possible Arbitrators. If no such List was submitted, Rule 18.c shall apply, and the Independent Administrator will randomly select a possible Neutral Arbitrator from the List of Possible Arbitrators.

d.    After the Independent Administrator has received these forms, it will send a Letter Confirming Service to the person who has agreed to act as Neutral Arbitrator, with a copy to the Parties.

18. **Selection of the Neutral Arbitrator When the Parties Do Not Agree**

a.  If the Parties do not collectively agree upon a Neutral Arbitrator, the Neutral Arbitrator shall be selected from the List of Possible Arbitrators in the following manner. Claimant(s) and Respondent(s) may each strike up to four (4) names to which the Party objects and shall rank the remaining names in order of preference with "1" being the strongest preference. No name should be left blank. Unless there is a ninety (90) day continuance pursuant to Rule 21, the Independent Administrator must receive the forms by the deadline set out in Rule 16.c.

b.  Regardless of the number of Claimants or Respondents, the Claimant(s) shall return only one list of preferences and the Respondent(s) shall return only one list of preferences. If they do not, Rule 18.c will apply.

c.  Unless there is a ninety (90) day continuance pursuant to Rule 21, if the Independent Administrator does not receive a response from a Party by the deadline set out in Rule 16.c, all persons named on the List of Possible Arbitrators shall be deemed equally acceptable Neutral Arbitrators to that Party.

d.  At any time before the Party's response is due, a Party or representative may request to review further information, if any, which the Independent Administrator has in its files about the persons named on the List of Possible Arbitrators. Parties and their representatives may call the Independent Administrator at 213-637-9847 to request such information. The Parties and their representatives may review the information by going to the Independent Administrator's office. If requested, the Independent Administrator will also send the information to the Party or attorney by mail or fax. Parties who request that further information be sent to them shall be responsible for the Independent Administrator's cost of providing it, with no charge made for duplication of the first twenty-five (25) pages. Time spent requesting or waiting for the additional information shall not extend the time to respond to the List of Possible Arbitrators.

e.  Working from the returned Lists of Possible Arbitrators it has timely received, the Independent Administrator shall invite a person to serve as the Neutral Arbitrator, asking first the person with the lowest combined rank whose name has not been stricken by either Party. If the person with the lowest combined rank is not available, the Independent Administrator will ask the second lowest ranked person who was not stricken by either Party, and will continue until a person whose name was not stricken agrees to serve. When the Independent Administrator contacts the persons, it shall inform them of the names of the Parties and their counsel and ask them not to accept if they know of any conflict of interest. If there is a tie in ranking, the Independent Administrator shall choose at random a person from the list of those who are tied.

f.  If a Party disqualifies a Neutral Arbitrator, the Independent Administrator shall send another List of Possible Arbitrators to the Parties. The procedure and timing in that case shall be the same as that for the first List of Possible Arbitrators. After two Neutral Arbitrators have been disqualified, the Independent Administrator shall randomly select a Neutral Arbitrator from the other members on the panel who have not been named on prior Lists of Possible Arbitrators.

g.  If a Neutral Arbitrator should die, become incapacitated, or otherwise become unable or unwilling to proceed with the arbitration after appointment, the Independent Administrator shall serve the Parties with a

7

new List of Possible Arbitrators and the selection process as set out in Rules 16 through 18 shall begin again.

19. **Acceptance by the Neutral Arbitrator**

a. When a Neutral Arbitrator receives an offer from the Independent Administrator or the Parties, the Neutral Arbitrator must comply with any requirements under California Law, including Ethics Standard 12(d).

b. The Independent Administrator may decline to select a Neutral Arbitrator if the Independent Administrator determines that the Neutral Arbitrator has not complied with the Ethics Standards. When a person agrees to act as a Neutral Arbitrator, the Independent Administrator shall send the person a copy of these Rules and a Letter Confirming Service. The Independent Administrator shall also serve the Parties with a copy of the Letter Confirming Service.

c. If a person in the Independent Administrator's pool is appointed as the Neutral Arbitrator in a case and either served a notice saying no further work by the Parties or the attorneys would be accepted during the pendency of the case, or failed to serve the disclosure specified by Ethics Standard 12(b), the person shall be removed from the pool until the case is closed.

20. **Disclosure and Challenge**

a. The person who has agreed to serve as Neutral Arbitrator shall make disclosures as required by law, including California Code of Civil Procedure Section 1281.9 or its successor statute and the Ethics Standards simultaneously upon the Parties and the Independent Administrator. Party responses, if any, shall be in accordance with the Code, with a copy served to the Independent Administrator. After the time for any response has passed, the Independent Administrator will deem that the Neutral Arbitrator has been appointed if no timely objection is received.

b. The Neutral Arbitrator shall make all further disclosures as required by law, including California Code of Civil Procedure Section 1281.9 or its successor statute and the Ethics Standards simultaneously upon the Parties and the Independent Administrator. Party responses, if any, shall be in accordance with the code, with a copy served to the Independent Administrator.

21. **Postponement of Selection of Neutral Arbitrator**

a. The Claimant(s) may obtain a single postponement of up to ninety (90) days for the selection of the Neutral Arbitrator if the Independent Administrator receives a written request for postponement on or before the date that the response to the List of the Possible Arbitrators is due under Rule 16.c. Claimant(s) shall serve a copy of this request for postponement on the Respondent(s). Regardless of the number of Claimants, Claimant(s) is entitled to only a single ninety (90) day postponement of the selection of the Neutral Arbitrator.

b. If the Claimant(s) agrees in writing, Respondent(s) may obtain a single ninety (90) day postponement for the selection of the Neutral Arbitrator. The Independent Administrator must receive this written request for postponement on or before the date that the response to the List of the Possible Arbitrators is due under Rule 16.c.

c.      There shall be only one postponement whether made by either Claimant(s) or Respondent(s) pursuant to this Rule in any arbitration.

d.      In arbitrations brought by Health Plan or KPIC, the member is entitled to the postponement and Health Plan or KPIC can obtain a postponement only with the member's permission.

## 22.    Selection of the Party Arbitrator

a.      If the Parties are entitled to a Party Arbitrator and have not waived that right, the Claimant(s) and the Respondent(s) shall each select a Party Arbitrator and notify the Independent Administrator and the Neutral Arbitrator of the Party Arbitrator's name, address, and telephone and fax numbers. Each Party Arbitrator shall sign the Agreement to Serve, and submit it to the Independent Administrator before serving in the arbitration.

b.      If possible, the Parties should select the Party Arbitrators before the Arbitration Management Conference that is set forth in Rule 25. Any Party Arbitrator who is selected after the Arbitration Management Conference shall conform to any arbitration schedule established prior to his or her selection. Notwithstanding any other Rule, if a Party Arbitrator has not been selected, or has not signed the Agreement to Serve, or does not attend a hearing, conference or meeting set by the Neutral Arbitrator of which the Party Arbitrator or Party had notice, the remaining Arbitrators may act in the absence of such Party Arbitrator.

c.      Regardless of the number of Claimants or Respondents, all of the Claimant(s) are entitled to only one Party Arbitrator and all of the Respondent(s) are entitled to only one Party Arbitrator.

d.      No Claimant, Respondent, or attorney may act as Party Arbitrator in an arbitration in which he or she is participating in any other manner.

## 23.    Appointment of Chairperson

In cases involving more than one Arbitrator, the Neutral Arbitrator will chair the arbitration panel. Absent objection by any Party, the Neutral Arbitrator shall have the authority to decide all discovery and procedural matters, but may not decide dispositive issues without the Party Arbitrators. Dispositive issues shall be decided by a majority of the Arbitrators. The Neutral Arbitrator will also set the time and location of hearings and be responsible for submitting all necessary forms to the Independent Administrator. Upon commencement of the Arbitration Hearing and thereafter, all substantive decisions shall be made by a majority of the Arbitrators or as otherwise agreed by them.

## C.    RULES FOR REGULAR PROCEDURES

## 24.    Deadline for Closing Cases

a.      Unless Rule 24.b, 24.c, or 33 applies, a case must close within eighteen (18) months of the Independent Administrator receiving the Demand for Arbitration and filing fee or granting the fee waiver. The Parties and Arbitrator are encouraged to complete the case in less time than the maximums set forth in the Rules, if that is consistent with a just and fair result.

b.      If a case is designated complex, it must close within thirty (30) months of the Independent Administrator receiving the Demand for Arbitration and

filing fee or granting the fee waiver.  A case may be deemed complex by order of the Neutral Arbitrator, or if all the unrepresented Parties, counsel, and the Neutral Arbitrator agree and sign the Designation of Complex Arbitration Form.  The Neutral Arbitrator shall provide the reason for this designation in an order or on the Designation of Complex Arbitration Form and serve it on the Independent Administrator.

c.  If a case is designated extraordinary, it may close after thirty (30) months of the Independent Administrator receiving the Demand for Arbitration and filing fee or granting the fee waiver.  A case may be deemed extraordinary by order of the Neutral Arbitrator, or if all the unrepresented Parties, counsel, and Neutral Arbitrator agree and sign the Designation of Extraordinary Arbitration Form.  The Neutral Arbitrator shall provide the reason for this designation in an order or on the Designation of Extraordinary Arbitration Form and serve it on the Independent Administrator.

d.  It is the Neutral Arbitrator's responsibility to set a hearing date and to ensure that the case proceeds within the time limits set out in these Rules. Failure by the Parties or counsel to comply with this Rule may subject them to sanction.  Failure by the Neutral Arbitrators to comply with this Rule may subject them to suspension or removal from the pool of Neutral Arbitrators.  However, this Rule is not a basis to dismiss a case.  Nothing in this paragraph affects the remedies otherwise available under law for violation of any other Rule.

e.  A case is closed when the Neutral Arbitrator serves an Award or other order closing the case on the Parties and the Independent Administrator, or when the Parties serve notice of settlement or withdrawal on the Independent Administrator.

f.  Post award submissions are excluded from the time limits of this Rule.

## 25.  Arbitration Management Conference

a.  The Neutral Arbitrator shall hold an Arbitration Management Conference with the attorneys representing the Parties, or the Claimant in pro per and the attorney(s) representing Respondent(s) within sixty (60) days of the date of the Letter Confirming Service of the Neutral Arbitrator.  The Neutral Arbitrator shall give notice to the Parties of the time and location at least ten (10) days in advance.  The Arbitration Management Conference may be conducted by telephone or by any other method agreed upon by the Parties.

b.  The Neutral Arbitrator shall discuss, but is not limited to, the following topics:

　　i.  the status of the Parties, claims, and defenses;

　　ii.  a realistic assessment of the case;

　　iii.  any pending or intended motions;

　　iv.  completed and intended discovery;

　　v.  the procedures to be followed, including any written submissions the Neutral Arbitrator requires or permits; and

vi.   if appropriate, whether the Parties have or will waive any Party Arbitrator.

c.   At the Arbitration Management Conference, the Arbitrator shall establish:

    i.   the schedule for motions and the Mandatory Settlement Meeting and

    ii.   the dates of the Arbitration Hearing.  The Arbitrator and the Parties shall schedule the Arbitration Hearing for consecutive days if more than one day is necessary.  If the Arbitrator permits post-arbitration briefs, the dates for the Arbitration Hearing must be set early enough to ensure that it will be closed within the deadlines established in Rule 24.

d.   If any of the Parties is not represented by counsel, the Neutral Arbitrator should refer the Parties to Rule 54 and offer to explain the process to be followed.  Parties who have questions about the Arbitration Hearing, use of motions, waivers, and costs should raise them at the Arbitration Management Conference.

e.   The Neutral Arbitrator shall record all deadlines established by the Neutral Arbitrator during the Arbitration Management Conference on the Arbitration Management Conference Form.  The Neutral Arbitrator shall serve the Arbitration Management Conference Form on the Parties and the Independent Administrator within five (5) days of the Arbitration Management Conference.  The Neutral Arbitrator shall also serve a copy of the Arbitration Management Conference Form on the Party Arbitrators if and when they are named.

f.   At any time after the Arbitration Management Conference, the Neutral Arbitrator may require, or the Parties may request, additional conferences to discuss administrative, procedural, or substantive matters and to assure that the case continues to move expeditiously.  Neutral Arbitrators are encouraged to conduct such conferences by telephone or by any other method agreed upon by the Parties.

## 26.   Mandatory Settlement Meeting

a.   No later than six (6) months after the Arbitration Management Conference, attorneys representing the Parties, or the Claimant in pro per and the attorneys representing the Respondents, shall conduct a Mandatory Settlement Meeting.  The Parties shall jointly agree on the form these settlement discussions shall take, which may include a conference by telephone, a video-conference, an in-person meeting or any other format they shall agree upon.  Represented Parties are not required to attend, but if they choose not to do so, either their attorneys must be fully authorized to settle the matter, or the Parties not present must be immediately available by phone for consultation with their attorneys while the meeting is in progress.  This Rule does not require that a neutral third party oversee the Mandatory Settlement Meeting; nor does it preclude the presence of such a person. The Neutral Arbitrator shall not take part in the Mandatory Settlement Meeting.  Within five (5) days after the Mandatory Settlement Meeting, the Parties and their counsel shall sign the Mandatory Settlement Meeting Form and serve a copy on the Independent Administrator to confirm that the meeting occurred.  If the Parties have settled the claim, they shall give notice as required in Rule 40.

    b.    This Rule sets a deadline for the Parties to conduct a Mandatory Settlement Meeting. The Parties are encouraged to engage in settlement discussions at an earlier date.

    c.    Section 998 of the California Code of Civil Procedure (Offers by a Party to Compromise) applies to arbitrations conducted under these Rules.

## 27.    Discovery

    a.    Discovery may commence as soon as the Health Plan serves Claimant(s) with a copy of the Transmission Form, unless some Party objects in writing. If a Party objects, discovery may commence as soon as the Neutral Arbitrator is appointed. Discovery shall be conducted as if the matter were in California state court.

    b.    The Parties should address problems stemming from the discovery process to the Neutral Arbitrator for rulings. The time for serving any discovery motions shall commence as required by the California Code of Civil Procedure or upon the appointment of the Neutral Arbitrator, whichever is later.

    c.    If the Claimant(s) requests and at the Claimant's expense, Health Plan or the affiliated entities that are named as Respondent(s) shall serve a copy of that portion of Claimant's medical records requested on the Claimant(s) within thirty (30) days of Claimant's request.

    d.    At the request of the Parties and as would be permitted in state court, the Neutral Arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets, or other sensitive or private information.

## 28.    Postponements

    a.    Any postponement of dates other than that set out in Rule 21 shall be requested in writing from the Neutral Arbitrator if one has been appointed or from the Independent Administrator if the Neutral Arbitrator has not been appointed or has become incapacitated, no later than the date for which a postponement is sought. The request shall set out good cause for the postponement and whether the other Party agrees. Postponements, absent extraordinary circumstances, shall not prevent the Arbitration Award from being served within the time periods specified in Rule 24. Failure of the Parties to prepare for a scheduled hearing or to keep the hearing dates free from other commitments does not constitute extraordinary circumstances.

    b.    Any request for postponement of an Arbitration Hearing shall be requested either orally or in writing from the Neutral Arbitrator. In addition,

        i.    The request shall set out good cause for the postponement and the other party shall have the opportunity to oppose the request.

        ii.    The Neutral Arbitrator must issue a written order that either denies or grants the request for postponement, states who made the request, and gives the reason for the decision. The order must be served on the Parties and the Independent Administrator. If the Neutral Arbitrator grants the request, the order must state the date to which the hearing has been postponed.

    iii.    If the request for a postponement is granted, the Neutral Arbitrator has the discretion to enter an order requiring that the Neutral Arbitrator's costs and fees associated with the postponement of an Arbitration Hearing be paid by the Party requesting the postponement.

## 29. Failure to Appear

a.    The arbitration may proceed in the absence of a Party, a Party's attorney, or a Party Arbitrator who, after due notice of the date, time, and location of the Arbitration Hearing, or any other conference or hearing, fails to be present and failed to obtain a postponement. If the date of the Arbitration Hearing has not been changed, service of the Arbitration Management Conference Form on a Party shall constitute due notice.

b.    An Award shall not be made solely on the default of a Party. The Arbitrator may require each Party who attends to submit such evidence as the Arbitrator requires for the making of an Award.

## 30. Securing Witnesses for the Arbitration Hearing

The Party's attorney, the Neutral Arbitrator, or other entity authorized by law may issue subpoenas for the attendance of witnesses or the production of documents. The Independent Administrator shall not.

## 31. Close of Hearing or Proceeding

a.    When the Parties have rested, the Neutral Arbitrator shall declare the Arbitration Hearing or proceeding closed.

b.    The Neutral Arbitrator may defer the closing of the Arbitration Hearing or proceeding to permit the Parties to submit post-hearing briefs or documents. The Arbitration Hearing or proceeding will be deemed closed on the date the final post-hearing brief or document is due. The date for the post-hearing submissions shall not be more than fifteen (15) days after the Parties have rested. This deadline may be extended for good cause. If post-hearing briefs or documents are to be submitted, the Arbitration Hearing will be deemed closed on the date set for the submission. If a Party fails to submit the briefs or documents by the closing date, the Neutral Arbitrator need not accept or consider them.

c.    The time limit under Rule 37 for the Neutral Arbitrator to make the Award shall begin to run upon the closing of the Arbitration Hearing or proceeding. The late filing of a post-hearing brief or document shall not affect the deadline for making the Award.

## 32. Documents

After making the Award, the Neutral Arbitrator has no obligation to preserve copies of the exhibits or documents the Neutral Arbitrator has previously received.

## D. RULES FOR EXPEDITED PROCEDURES

## 33. Expedited Procedures

a.    Expedited Procedures are available in an arbitration where the Claimant(s) requires an Award in less time than that set out in Rule 24.a. The need for the Expedited Procedures shall be based upon any of the following:

     i.     a Claimant or member suffers from an illness or condition raising substantial medical doubt of survival until the time set for an Award according to Rule 24.a; or

     ii.    a Claimant or member seeks a determination that he or she is entitled to a drug or medical procedure that the Claimant or member has not yet received; or

     iii.   other good cause.

b.    The Claimant(s) and Respondent(s) may submit evidence, including declarations by physicians or others, to establish any of these criteria.

c.    If either the Independent Administrator or the Neutral Arbitrator decide that Expedited Procedures are required, the arbitration shall be disposed of within the time set out in that order, absent good cause or by the Parties' stipulation as approved by the Neutral Arbitrator.

d.    After the Neutral Arbitrator is appointed, he or she shall promptly confer with the Parties to decide what schedule, actions, or modifications of these Rules will be needed to meet the deadline. The Neutral Arbitrator shall issue any additional orders that are necessary to assure compliance with that deadline and serve the Independent Administrator with a copy of such orders. The orders may require, by way of example and without limitation, shortening the length of time for discovery responses or motions.

e.    Except when inconsistent with orders made by the Neutral Arbitrator to meet the deadline for the disposition of the case, the other Rules shall apply to cases with Expedited Procedures.

## 34. Seeking Expedited Procedures from the Independent Administrator

a.    If Claimant(s) believes that Expedited Procedures are required and a Neutral Arbitrator has not yet been appointed, the Claimant(s) may serve a written request, with a brief statement of the reason for request for Expedited Procedures and the length of time in which an Award is required, on the Independent Administrator, with a copy to Respondent(s). Respondent(s) shall provide written opposition to the request for Expedited Procedures, if any, within seven (7) days of the date of the request. The Independent Administrator shall decide the request and inform the Parties of the decision no later than five (5) days after any opposition by Respondent(s) is due.

b.    Should the Independent Administrator determine that Expedited Procedures are necessary, the Neutral Arbitrator selection procedures set out in these Rules shall be followed with the following exceptions:

     i.     Prior to appointment of the Neutral Arbitrator, the Independent Administrator shall assure the selected Neutral Arbitrator is available to issue an Award within the period required and to accommodate the necessity of the Expedited Procedures; and,

     ii.    No ninety (90) day postponement pursuant to Rule 21 shall be allowed by the Independent Administrator; and

     iii.   Notwithstanding Rule 27(a) allowance for objection to commencement of discovery until the Neutral Arbitrator has been appointed, discovery may commence immediately upon notification

of the Independent Administrator's decision that Expedited Procedures are necessary.

### 35. Seeking Expedited Procedures from the Neutral Arbitrator

If a Neutral Arbitrator has been appointed, the Party seeking Expedited Procedures may, at any time, petition the Neutral Arbitrator to proceed on an expedited basis. If the Neutral Arbitrator issues an order to proceed on an expedited basis, he or she shall issue any additional orders that are necessary to assure compliance with that decision. The orders may require, by way of example and without limitation, shortening the length of time for discovery responses or motions. The Neutral Arbitrator shall serve a copy of any such orders on the Independent Administrator, including the date by which such Award shall be served.

### 36. Telephonic Notice

When Expedited Procedures apply, the Parties shall accept all notices, process, and other communications (other than the List of Possible Arbitrators) from the Independent Administrator and Arbitrator by telephone. The Independent Administrator and the Arbitrator shall promptly confirm any such oral notices, process, and other communications, in writing to the Parties.

## E.   RULES ON AWARD AND ENFORCEMENT

### 37. Time of Award

The Neutral Arbitrator shall serve the Award on the Parties and the Independent Administrator promptly. Unless otherwise specified by law, the Neutral Arbitrator shall serve the Award in Extraordinary and Complex cases, no later than thirty (30) business days after the closing of the Arbitration Hearing, and in all other cases, no later than fifteen (15) business days after the date of the closing of the Arbitration Hearing. If post arbitration briefs are submitted, the Arbitration Hearing is closed on the date the briefs are due.

### 38. Form of Award

a.    The Neutral Arbitrator shall be responsible for preparing and signing the written Award, or in a panel arbitration, a majority of the Arbitrators shall sign the Award. The Award shall specify the prevailing Party, the amount and terms of the relief, if any, and the reasons for the decision. In setting forth the reasons, the Award, or any decision deciding an arbitration, shall provide findings of fact and conclusions of law, consistent with California Code of Civil Procedure Section 437c(g) or Section 632. The Neutral Arbitrator may use the Arbitration Award Form.

i.    The Award shall specify whether the hearing was conducted in person, by telephone or video conference, or by documents only.

ii.   If attorney's fees are awarded, the Award shall specify the amount of attorney's fees awarded.

b.    As required by California regulation, all written decisions, except for those involving KPIC products or self-funded products, must contain the following language in bold, twelve (12) point type,

15

"Nothing in this arbitration decision prohibits or restricts the enrollee from discussing or reporting the underlying facts, results, terms and conditions of this decision to the Department of Managed Health Care."

## 39. Delivery of the Award

a. The Neutral Arbitrator shall serve a copy of the Award and any decision by the Neutral Arbitrator to correct the Award on the Parties and Independent Administrator by mail.

b. The Neutral Arbitrator shall inform the Independent Administrator of application to correct the Award.

c. Respondent(s) shall redact the Award by eliminating the names of the enrollees, the plan, witnesses, providers, health plan employees, and health facilities.

d. Respondent(s) shall serve the redacted Award on the Independent Administrator and Claimant(s). The redacted version of the Award will become part of the Neutral Arbitrator's file.

e. In arbitrations brought by Health Plan or KPIC, Health Plan or KPIC shall serve the redacted Award.

## 40. Notice after Settlement or Withdrawal

a At any point in the proceedings, if the Parties reach a settlement, they shall promptly inform the Neutral Arbitrator and the Independent Administrator in writing. Upon receiving such notice, the Independent Administrator shall deem the arbitration terminated.

b. If a Claimant decides to withdraw a Demand, the Claimant or the Claimant's attorney shall serve a notice of withdrawal upon Respondent, the Neutral Arbitrator, and the Independent Administrator. Upon receiving such notice, the Independent Administrator shall deem the arbitration terminated.

c. Except in cases in which the Independent Administrator receives a decision from the Neutral Arbitrator, the Neutral Arbitrator's appointment is terminated on the date the Independent Administrator receives written notice under Rule 40.a or 40.b. No further Neutral Arbitrator will be appointed.

## 41. Sanctions

The Neutral Arbitrator may order appropriate sanctions for failure of any Party to comply with its obligations under any of these Rules or applicable law. These sanctions may include any sanction available under applicable law, as well as payment of all or a portion of the other Party's expenses for its Party Arbitrator or the Neutral Arbitrator's fees and expenses.

## 42. Release of Documents for Judicial Proceedings

The Independent Administrator shall, upon the written request of and payment by a Party, furnish to the Party, at the Party's expense, copies of any papers, notices, process or other documents in the possession of the

Independent Administrator that may be required in judicial proceedings relating to that Party's arbitration.

## F.    RULES OF ADMINISTRATION

### 43.    Counting of Days

a.    Unless a Rule specifies otherwise, "days" mean calendar days. Thus, all days, including holidays, Saturdays and Sundays are to be counted when counting the number of days. In determining the date an action is required, the date of the event or document that triggers the action is not included, but the date by which the action must occur is included.

b.    If a Rule refers to "business days," federal holidays, Saturdays, and Sundays are excluded when counting the number of days.

c.    If the date on which some action is to be taken, or a notice, process, or other communication would otherwise be required to be sent or a period would otherwise expire, falls on a holiday, a Saturday, or a Sunday, the date is extended to the next succeeding business day.

### 44.    No Limit on Immunity

Nothing in these Rules limits any statutory or common law immunity that the Independent Administrator or Neutral Arbitrator may otherwise possess.

### 45.    Neutral Arbitrator Fees

a.    If the Neutral Arbitrator was selected from the List of Possible Arbitrators, the Neutral Arbitrator's compensation for an arbitration shall accord with the fees and terms sent out to the Parties by the Independent Administrator with the List of Possible Arbitrators.

b.    The Independent Administrator is not responsible for, or involved in the collection of, the Neutral Arbitrator's fees.

### 46.    Expenses

The expenses of witnesses for any Party shall be paid by the Party producing them. The fees and expenses of the Party Arbitrator shall be paid by the Party who selected that Party Arbitrator.

### 47.    Forms

The Parties and the Neutral Arbitrator may request blank copies of any forms mentioned in these Rules from the Independent Administrator.

### 48.    Questionnaire

a.    At the conclusion of the arbitration, the Neutral Arbitrator shall complete and timely return the arbitration questionnaire supplied by the Independent Administrator. This information may be used by the Independent Administrator and the Arbitration Oversight Board ("AOB") in evaluating the arbitration system.

b.    If the Independent Administrator received the Demand for Arbitration on or after January 1, 2003, at the conclusion of the arbitration, the Neutral Arbitrator shall inform the Independent Administrator of the total fee and the percentage of fee allocated to each Party. This information will be used by the Independent

17

Administrator to comply with the disclosure requirements of California law.

**49.    Evaluation**

At the conclusion of an Arbitration Hearing or proceeding, the Independent Administrator may send the Parties anonymous evaluations of the Neutral Arbitrator and the Office of the Independent Administrator.  The Parties are requested to complete and return them.

**50.    Amendment of Rules**

a.    The AOB may amend these Rules in consultation with the Independent Administrator and Health Plan. The Rules in effect on the date the Independent Administrator receives the Demand for Arbitration will apply to that arbitration throughout unless the Parties agree in writing that another version of the Rules applies.  The Parties shall serve a copy of that agreement on the Independent Administrator.

b.    If the relevant law changes or an event occurs which is not contemplated by these Rules, the Arbitration Oversight Board may adopt a new Rule(s) to deal adequately with that event.  New Rule(s) shall apply to all pending arbitrations if the AOB deems such a change necessary notwithstanding Rule 50.a.  Any such new Rule(s) shall be created in consultation with the Independent Administrator and Health Plan and shall not be inconsistent with existing Rules unless the Independent Administrator agrees to the change.  The Independent Administrator shall serve all Parties and Arbitrators in pending arbitrations with a copy of any such new Rule(s) and it shall be binding upon the Parties and Arbitrators.

c.    In the event of an urgent condition that in the judgment of the Independent Administrator threatens the orderly administration of the arbitration system, with the concurrence of the Chair or Vice-Chair of the AOB, the Independent Administrator shall adopt such temporary rules as it deems necessary to preserve the orderly administration of the arbitration system.

**51.    Conflict with Law**

If any of these Rules, or a modification of these Rules agreed on by the Parties, is discovered to be in conflict with a mandatory provision of applicable law, the provision of law will govern, and no other Rule will be affected.

**52.    Acknowledgment of No Warranty**

The Independent Administrator makes no representation about, or warranty with respect to, the accuracy, or completeness of any information furnished or required to be furnished in any Application Form or with respect to the competence or training of any Neutral Arbitrator. Information is supplied to allow Parties to conduct their own inquiries.

**53.    Public Reporting**

Annually, the Independent Administrator will report in a collective fashion the lengths of times it took to complete various tasks in the process of adjudicating the claims, how the arbitrations were disposed of, and the choices made by the Parties and Arbitrators.  This report may be available to the public.  The Independent Administrator will also post on its website disclosures required by statute or the Ethics Standards.

**54.    Legal Advice**

While the Independent Administrator will try to answer questions about these Rules, it cannot give legal advice to Parties or their counsel or provide them with referrals.  The following "Information for Claimants Who Do Not Have Attorneys" may answer some of the most commonly asked questions.

## <u>If You Do Not Have An Attorney</u>

### What are my responsibilities when proceeding without a lawyer?

This handout is for people who represent themselves in arbitration without help from a lawyer.  Lawyers say that a person who represents him or herself is acting *in propria persona* or "in pro per".  The following information provides some facts and answers some questions most commonly asked by such persons. This handout does not replace the *Rules for Kaiser Member Arbitrations Administered by the Office of the Independent Administrator (Rules)*.  Everyone is responsible for following the *Rules*.

If you represent yourself you must do all of the tasks that a lawyer would do, including:

- •    Understand and comply with the *Rules* governing Kaiser member arbitrations administered by the <u>Office of the Independent Administrator (OIA)</u>,
- •    Learn the California law that applies in your case,
- •    Find and subpoena witnesses you need,
- •    Find, hire, and pay expert witnesses you need, and
- •    Write and deliver all documents that the *Rules*, California law, or the Neutral Arbitrator directs you to prepare.

Some of these tasks take time, are difficult, and have deadlines.  We encourage people to get a lawyer to represent them.

### What is the Office of the Independent Administrator?

The OIA administers the arbitration process used by Kaiser and its members. The OIA is neutral.  It is not a part of Kaiser Permanente. The *Rules* and California law control the arbitrations.  If you represent yourself, the OIA will tell you what the *Rules* mean.  However, the OIA cannot advise you on how the *Rules* might affect your specific case.  Neither the OIA nor the neutral arbitrator can give you legal advice or help you find an expert witness.  If you have questions about the *Rules*, call the OIA at (213) 637-9847 or visit the website at www.oia-kaiserarb.com.

### What is arbitration?

Arbitration is a legal proceeding. It is similar to a case filed in court.  At the arbitration hearing, you and the other side present witnesses, including medical experts, and other evidence.  Unlike most trials in court, there is no jury. Arbitrators hear the evidence and act as the judges.  Arbitrators decide cases based on the evidence presented by both sides and the law.  The Arbitrator's decision is final, binding, and can be enforced in court.  Only rarely can a court overturn the arbitrator's decision.

**Are arbitration and mediation different?**

Yes. Arbitration is a proceeding where evidence is presented similar to a case in court. In mediation, parties solve their dispute with the help of a neutral person called the "mediator", who tries to help the parties reach an agreement and end their dispute. Mediation is an attempt to settle the dispute voluntarily. A mediator cannot force the parties to accept a decision.

**What is discovery?**

Before the arbitration hearing, all parties have the right to conduct discovery. This means both sides can send written requests for information, usually in the form of Requests for Admissions, Interrogatories, and Requests for Production of Documents. Both sides can also issue subpoenas for records and set depositions. You will be responsible for following the procedures in the California Code of Civil Procedure or any discovery procedure that the arbitrator may set up.

**Is a medical expert always necessary to prove a claim of medical malpractice?**

Almost always. Under California law, a medical expert's testimony is almost always needed to prove medical malpractice. This is true both in arbitration and in court. If you do not have a medical expert, you will probably lose the case. Neither the OIA nor the neutral arbitrator can help you find or hire a medical expert.

**Are any other expert witnesses needed?**

Sometimes. For example, if you are asking for lost wages or future damages, you may need an economist or other financial expert to testify. Other experts may be needed depending on the nature of your claims.

**May I ask a friend or relative to assist me in the case?**

Yes, an unpaid friend or family member may accompany you and assist you, if in the judgment of the neutral arbitrator your personal circumstances warrant such assistance. This person may not represent you. As in court, you may only be represented by yourself or a lawyer.

**What is a party arbitrator and when are party arbitrators used?**

Party arbitrators are used when the claimant or Kaiser prefer to have three arbitrators decide the case rather than the neutral arbitrator alone. If you claim more than $200,000 in damages, both sides have the right to select a party arbitrator. If you choose to have a party arbitrator, you will have to find and pay the party arbitrator. You must also pay one-half of the neutral arbitrator's fees, unless you qualify for a fee waiver under Rule 13.

If both sides give up their right to a party arbitrator, a single neutral arbitrator will hear your case. The other side will pay all of the neutral arbitrator's fees and expenses if you sign the Waiver of Objection to Payment of Fees and the Waiver of Party Arbitrator – Claimants Forms. For more information see Rules 13, 14, 15, and 22. Having your case heard by a single neutral arbitrator does not limit the amount of damages you can claim.

Most Kaiser arbitrations are decided by a single neutral arbitrator.

### What is an *ex parte* communication?

*Ex parte* communication occurs when one party communicates with the neutral arbitrator (in writing, by telephone, or in person) without giving the other side a chance to participate or respond. *Ex parte* communication is prohibited unless it is about the time or place of a hearing or conference. If you need to contact the neutral arbitrator for any other reason, write a letter to the neutral arbitrator and send a copy of the letter to the other side. You may also ask for a conference call with the neutral arbitrator and the other side.

### What is summary judgment and why is it important to my claim?

Kaiser Permanente may make a motion for summary judgment. This means they argue that there is no dispute about the facts. They also argue they deserve to win under the law. If this happens, you must prepare your position in writing and send it to the neutral arbitrator and the other side before the deadline. If you fail to do this, the neutral arbitrator will probably grant the motion and your case will be over. If Kaiser Permanente has included an expert declaration, you probably need to do the same. You can also take part in the hearing on the motion in person or by phone. If the neutral arbitrator grants a motion for summary judgment, the case is over.

### Are there other resources to help people who represent themselves?

There are books written for people who represent themselves in legal proceedings. Please check your local library or bookstore. If you need help finding a lawyer, call the State Bar and/or your County Bar Association.

If you have any questions, please call the OIA at (213) 637-9847. Copies of the *Rules* for Kaiser member arbitrations, forms, and other helpful items can also be found at the OIA website at www.oia-kaiserarb.com

1
2
3
4
5
6
7

# EXHIBIT 1(a)

8
9
10
11

In the OIA Arbitration Proceeding Case No.: 17819/JAMS Case Ref. No.: 1120016301 is Edward C. Tidwell's email dated October 17, 2022 including the Order and Letters to Heather M. Dixon, Legal Administrative Assistant for Defendant Kaiser Foundation et al., which Plaintiff provided a conformed copy of the Order for Probate filed on August 5, 2022 and a conformed copy of the Letters filed on August 8, 2022 in the Superior Court of California, Contra Costa County, Martinez-Case No.: P22-01134 that shows Plaintiff's appointment as Personal Representative.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT 1(a)

Exhibits to Request for Judicial Notice of Plaintiff Edward C. Tidwell, as Personal Representative of the Estate of Tanesha Captolar Mae Tidwell aka Tanesha C-M Tidwell or Tanesha Tidwell v. Kaiser Foundation Health Plan, Inc. et al. United State District Court, Northern California.

Case 3:23-cv-00776-MGE Document on the Estate of Tanesha C-M Tidwell-Arbitration Case No.: 17819

# Edward C. Tidwell for the Estate of Tanesha C-M Tidwell-Arbitration Case No.: 17819

From:  Edward C. Tidwell (edwardctidwell@yahoo.com)

To:    heather.m.dixon@kp.org

Cc:    colin.s.crabb@kp.org; evelyn.arias@kp.org

Date:  Monday, October 17, 2022 at 05:03 PM PDT

Heather M. Dixon
Legal Administrative Assistant
Kaiser Foundation Health Plan, Inc.
Legal Department-PPL

Re: TIDWELL, Tanesha; Kaiser Medical Number: 110009872812
    Arbitration Case No.: 17819
    Edward C. Tidwell, as Personal Representative of the
    Estate of Tanesha Captolar Mae Tidwell aka
    Tanesha C-M Tidwell or Tanesha Tidwell

Dear Heather M. Dixon:

Thank you for your letter date October 13, 2022 with enclosure of the Medicare Beneficiary, Claimant Questionnaire and the CMS Consent to Release Forms (copies attached) that are dated October 17, 2022. I completed and signed the Medicare Beneficiary, Claimant Questionnaire and the CMS Consent to Release Forms to the best of my knowledge and abilities. As you requested attached you'll find a copy of the Social Security Administration's letter dated October 17, 2022 that reflects Medicare Beneficiary Coverage for my dear daughter, in addition, attached is a conformed copy of the Order for Probate filed on August 5, 2022 and the Letters filed on August 8, 2022 in the Superior Court of California, Contra Costa County, Martinez-Case No.: P22-01134 that shows my appointment as Personal Representative. This evening I will place in an envelope with postage paid the original Medicare Beneficiary, Claimant Questionnaire and the CMS Consent to Release Forms in the U.S. Postal Service Regular Mail for delivery to you.

Since I inadvertently did not fully read and understand the Medicare Beneficiary and Claimant Questionnaire Form, I will need to go back to the Social Security Administration office to request a copy of Ms. Tidwell's Medicare Card. I don't want to be a burden to Ms. Tidwell's mom Phyllis Venson or her young adult son Cameron X. Tidwell who could likely go through Ms. Tidwell's belongings and find a Medicare Card for copying. I will try the Social Security Administration office tomorrow morning or this week then let you know as soon as time permits. Incidentally, as you are aware my dear daughter passed on June 8, 2022, however, the date of injury May 15, 2013 is as evidenced in the medical records, which the point here is Kaiser saw my dear daughter's life threatening needs for medical care and treatment, but neglected to provide the help. My daughter got worse and worse from May 15, 2013 to the date of her passing on June 8, 2022 to never return to me again alive.

I would appreciate it if you'd confirm receipt of the attachments at your earliest convenience.

Respectfully submitted,

Edward C. Tidwell

Edward C. Tidwell's Completed Kaiser Medicare Beneficiary, Claimant Questionnaire and CMS Consent to Release Form dated October 17, 2022 (Scan CCF10172022_0001).pdf
8.5MB

DE-140

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE XXXXXXXXX | |
|---|---|---|
| EDWARD C. TIDWELL | (510) 470-8422 | |

81 Carol Lane, Apt. #208
Oakley, California 94561

ATTORNEY FOR *(Name):* Petitioner in Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA, MARTINEZ
STREET ADDRESS: 725 Court Street, Room 103
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez 94553
BRANCH NAME: Wakefield Taylor Courthouse

*(FILED stamp)*
FOR COURT USE ONLY
2022 AUG -5 A 8: 41
KATE BIEKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: C. JACALA DEPUTY CLERK

ESTATE OF *(Name):*

TANESHA CAPTOLAR MAE TIDWELL aka
TANESHA C-M TIDWELL                    DECEDENT

## ORDER FOR PROBATE

ORDER
APPOINTING
- [ ] Executor
- [ ] Administrator with Will Annexed
- [ ] Administrator [X] Special Administrator
- [ ] Order Authorizing Independent Administration of Estate
  - [ ] with full authority    [ ] with limited authority

CASE NUMBER

P22 - 01134

### WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED.

1. Date of hearing: 08-03-22    Time: ex parte    Dept./Room: 30    Judge: VIRGINIA M. GEORGE

THE COURT FINDS
2. a. All notices required by law have been given.
   b. Decedent died on *(date):* June 8, 2022
      (1) [X] a resident of the California county named above.
      (2) [ ] a nonresident of California and left an estate in the county named above.
   c. Decedent died
      (1) [ ] intestate
      (2) [ ] testate
      and decedent's will dated:                    and each codicil dated:
      was admitted to probate by Minute Order on *(date):*

THE COURT ORDERS
3. *(Name):* Edward C. Tidwell
   is appointed personal representative:
   a. [ ] executor of the decedent's will
   b. [ ] administrator with will annexed
   c. [ ] administrator
   d. [X] special administrator
      (1) [ ] with general powers
      (2) [X] with special powers as specified in Attachment 3d(2)
      (3) [X] without notice of hearing
      (4) [✓] letters will expire on *(date):* 05-02 - 2023
   and letters shall issue on qualification.

4. a. [ ] Full authority is granted to administer the estate under the Independent Administration of Estates Act.
   b. [ ] Limited authority is granted to administer the estate under the Independent Administration of Estates Act (there is no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

5. a. [ ] Bond is not required.
   b. [X] Bond is fixed at: $ 35,000.00    to be furnished by an authorized surety company or as otherwise provided by law.
   c. [ ] Deposits of: $    are ordered to be placed in a blocked account at *(specify institution and location):*
      and receipts shall be filed. No withdrawals shall be made without a court order. [ ] Additional orders in Attachment 5c.
   d. [X] The personal representative is not authorized to take possession of money or any other property without a specific court order.

6. [✓] *(Name):* Lee Kaster    is appointed probate referee.
Date: AUG 0 4 2022                    VIRGINIA M. GEORGE
                                      JUDGE OF THE SUPERIOR COURT
7. Number of pages attached: 1    SIGNATURE FOLLOWS LAST ATTACHMENT

Form Approved by the
Judicial Council of California
DE-140 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**ORDER FOR PROBATE**

Probate Code, §§ 8006, 8400

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[Print this form]    [Save this form]    [Clear this form]

**MC-025**

| SHORT TITLE:<br>TANESHA CAPTOLAR MAE TIDWELL aka<br>TANESHA C-M TIDWELL                        DECEDENT | CASE NUMBER: |

**ATTACHMENT** *(Number):* __3d(2)__

*(This Attachment may be used with any Judicial Council form.)*

**Order for Probate as Administrator and Special Administrator**

As requested in (the "Petition") Petition for Letters of Administrator and for Letters of Special Administrator with Authorization to Administer Under the Independent Administration of Estates Act the Court finds good cause to appoint Edward C. Tidwell (the "Petitioner") as the Administrator and Special Administrator of Decedent's estate. The Petition shows the Decedent died intestate on June 8, 2022, therefore, the Orders appointing Petitioner as the Administrator and the Special Administrator are hereby granted effective June 8, 2022 the date of Decedent's departure from this life. *VMC Ly, Du*

Consistent with Line 2(d)(2) of the Petition attached hereto as Exhibit A is a true copy of the Surety Bonds Direct's estimate of $35,000.00 for the [proposed] Surety Bond dated July 19, 2022 with Ref #W2C72ACEC5, the Court has jurisdiction to issue said orders appointing Edward C. Tidwell as the Administrator and the Special Administrator of Decedent's estate with bond currently fixed at $35,000.00. Within thirty 30-days from issuance of said orders or before September 6, 2022, the appointed Administrator and the Special Administrator shall show proof of a valid Surety Bond furnished by an authorized surety company or as otherwise provided by law.

This is a simple Probate Case as defined in Line 3(d)(1) thru Line 3(d)(7) of the Petition that characterize and estimate the value of property of the estate in the total sum of $2,000.00 approx. Petitioner believes as permitted by law the Court may order the Surety Bond be reduced and fixed at $15,000.00 upon receipt of the Administrator and Special Administrator's filing of an Amended Order for Probate and a Declaration including any attachments to support the Surety Bond reduction.

As mandated under applicable law the Orders and the Letters of Administration and the Letters of Special Administration do not restrict the appointed Administrator and the Special Administrator from performing his duties, however, as reflected in Line 5(d) of the Order it is ordered that the Administrator and the Special Administrator as the personal representative of the estate is not authorized to take possession of money or any other property without a specific court order.

Please see Attachment 3(g)(3) to the Petition for additional exhibits and supporting documents to show just cause granting the Petitioner's request for appointment as the Administrator and the Special Administrator of Decedent's estate.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov



DE-147

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
EDWARD C. TIDWELL
81 Carol Lane, Apt. #208
Oakley, California 94561

TELEPHONE NO.: (510) 470-8422   FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* edwardctidwell@yahoo.com
ATTORNEY FOR *(Name):* Petitioner in Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA, MARTINEZ
STREET ADDRESS: 725 Court Street, Room 103
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez 94553
BRANCH NAME: Wakefield Taylor Courthouse

ESTATE OF *(Name):*
TANESHA CAPTOLAR MAE TIDWELL aka
TANESHA C-M TIDWELL                               DECEDENT

| DUTIES AND LIABILITIES OF PERSONAL REPRESENTATIVE and Acknowledgment of Receipt | CASE NUMBER: P22-01134 |
| --- | --- |

FOR COURT USE ONLY

F I L E D
AUG 08 2022
K. DECKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____
_____ Deputy Clerk

# DUTIES AND LIABILITIES OF PERSONAL REPRESENTATIVE

When the court appoints you as personal representative of an estate, you become an officer of the court and assume certain duties and obligations. An attorney is best qualified to advise you about these matters. You should understand the following:

## 1. MANAGING THE ESTATE'S ASSETS

**a. Prudent investments**
You must manage the estate assets with the care of a prudent person dealing with someone else's property. This means that you must be cautious and may not make any speculative investments.

**b. Keep estate assets separate**
You must keep the money and property in this estate separate from anyone else's, including your own. When you open a bank account for the estate, the account name must indicate that it is an estate account and not your personal account. Never deposit estate funds in your personal account or otherwise mix them with your or anyone else's property. Securities in the estate must also be held in a name that shows they are estate property and not your personal property.

**c. Interest-bearing accounts and other investments**
Except for checking accounts intended for ordinary administration expenses, estate accounts must earn interest. You may deposit estate funds in insured accounts in financial institutions, but you should consult with an attorney before making other kinds of investments.

**d. Other restrictions**
There are many other restrictions on your authority to deal with estate property. You should not spend any of the estate's money unless you have received permission from the court or have been advised to do so by an attorney. You may reimburse yourself for official court costs paid by you to the county clerk and for the premium on your bond. Without prior order of the court, you may not pay fees to yourself or to your attorney, if you have one. If you do not obtain the court's permission when it is required, you may be removed as personal representative or you may be required to reimburse the estate from your own personal funds, or both. You should consult with an attorney concerning the legal requirements affecting sales, leases, mortgages, and investments of estate property.

## 2. INVENTORY OF ESTATE PROPERTY

**a. Locate the estate's property**
You must attempt to locate and take possession of all the decedent's property to be administered in the estate.

**b. Determine the value of the property**
You must arrange to have a court-appointed referee determine the value of the property unless the appointment is waived by the court. You, rather than the referee, must determine the value of certain "cash items." An attorney can advise you about how to do this.

**c. File an inventory and appraisal**
Within four months after Letters are first issued to you as personal representative, you must file with the court an inventory and appraisal of all the assets in the estate.

Form Adopted for Mandatory Use
Judicial Council of California
DE-147 [Rev. January 1, 2002]

**DUTIES AND LIABILITIES OF PERSONAL REPRESENTATIVE**
(Probate)

Page 1 of 2
Probate Code, § 8404

| ESTATE OF *(Name):* | | CASE NUMBER: |
|---|---|---|
| TANESHA CAPTOLAR MAE TIDWELL aka | | |
| TANESHA C-M TIDWELL | DECEDENT | P22-01134 |

**d. File a change of ownership**

At the time you file the inventory and appraisal, you must also file a change of ownership statement with the county recorder or assessor in each county where the decedent owned real property at the time of death, as provided in section 480 of the California Revenue and Taxation Code.

### 3. NOTICE TO CREDITORS

You must mail a notice of administration to each known creditor of the decedent within four months after your appointment as personal representative. If the decedent received Medi-Cal assistance, you must notify the State Director of Health Services within 90 days after appointment.

### 4. INSURANCE

You should determine that there is appropriate and adequate insurance covering the assets and risks of the estate. Maintain the insurance in force during the entire period of the administration.

### 5. RECORD KEEPING

**a. Keep accounts**

You must keep complete and accurate records of each financial transaction affecting the estate. You will have to prepare an account of all money and property you have received, what you have spent, and the date of each transaction. You must describe in detail what you have left after the payment of expenses.

**b. Court review**

Your account will be reviewed by the court. Save your receipts because the court may ask to review them. If you do not file your accounts as required, the court will order you to do so. You may be removed as personal representative if you fail to comply.

### 6. CONSULTING AN ATTORNEY

If you have an attorney, you should cooperate with the attorney at all times. You and your attorney are responsible for completing the estate administration as promptly as possible. **When in doubt, contact your attorney.**

> **NOTICE: 1. This statement of duties and liabilities is a summary and is not a complete statement of the law. Your conduct as a personal representative is governed by the law itself and not by this summary.**
> **2. If you fail to perform your duties or to meet the deadlines, the court may reduce your compensation, remove you from office, and impose other sanctions.**

## ACKNOWLEDGMENT OF RECEIPT

1. I have petitioned the court to be appointed as a personal representative.
2. My address and telephone number are *(specify):*
   81 Carol Lane, Apt. # 208
   Oakley, California 94561
   Telephone: (510) 470-8422
   Email: edwardclidwell@yahoo.com
3. I acknowledge that I have received a copy of this statement of the duties and liabilities of the office of personal representative.

Date: **August 8, 2022**

**Edward C. Tidwell** ▶ *Edward C Tidwell*
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PETITIONER)

Date: _____

▶ _____
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PETITIONER)

> **CONFIDENTIAL INFORMATION:** If required to do so by local court rule, you must provide your date of birth and driver's license number on supplemental Form DE-147S. (Prob. Code, § 8404(b).)

DE-147 [Rev. January 1, 2002]

**DUTIES AND LIABILITIES OF PERSONAL REPRESENTATIVE**
(Probate)

Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |

DE-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
EDWARD C. TIDWELL                    TELEPHONE AND FAX NOS.: (510) 470-8422
81 Carol Lane, Apt. #208
Oakley, California 94561

ATTORNEY FOR *(Name):* Petitioner in Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa, Martinez
STREET ADDRESS: 725 Court Street, Room 103
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez 94553
BRANCH NAME: Wakefield Taylor Courthouse

FOR COURT USE ONLY

**FILED**

AUG 08 2022

K. RICKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA

By
   K. Jinkerson, Deputy Clerk

ESTATE OF *(Name):* TANESHA CAPTOLAR MAE TIDWELL aka
TANESHA C-M TIDWELL
                                                    DECEDENT

**LETTERS**

| ☐ TESTAMENTARY | ☐ OF ADMINISTRATION |
| ☐ OF ADMINISTRATION WITH WILL ANNEXED | ☒ SPECIAL ADMINISTRATION |

CASE NUMBER:
P22 - 01134

## LETTERS

1. ☐ The last will of the decedent named above having been proved, the court appoints *(name):*

   a. ☐ executor.
   b. ☐ administrator with will annexed.

2. ☒ The court appoints *(name):* Edward C. Tidwell

   a. ☐ administrator of the decedent's estate.
   b. ☒ special administrator of decedent's estate
      (1) ☒ with the special powers specified in the *Order for Probate.*
      (2) ☐ with the powers of a general administrator.
      (3) ☒ letters will expire on *(date):*
         05-02-2023

3. ☐ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☐ with full authority
   ☐ with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. ☒ The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL)

Date: AUG 08 2022

Clerk, by

K. Jinkerson
                    (DEPUTY)

## AFFIRMATION

1. ☐ PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621(c)).

2. ☒ INDIVIDUAL: I solemnly affirm that I will perform the duties of personal representative according to law.

3. ☐ INSTITUTIONAL FIDUCIARY *(name):*

   I solemnly affirm that the institution will perform the duties of personal representative according to law. I make this affirmation for myself as an individual and on behalf of the institution as an officer.
   *(Name and title):*

4. Executed on *(date):* July 30, 2022
   at *(place):* Contra Costa County             , California.

   ▶ *Edward C. Tidwell*
                    (SIGNATURE)
   Edward C. Tidwell

## CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

(SEAL)

Date: AUG 08 2022

Clerk, by

S. JONES
                    (DEPUTY)

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form (1/1/2000)
For your protection and privacy, please press the Clear
This Form button after you have printed the form.

**LETTERS**
(Probate)

Probate Code, §§ 1001, 8403, 8405, 8544, 8545;
Code of Civil Procedure, § 2015.6

[ Print this form ]  [ Save this form ]                    [ Clear this form ]

1
2
3
4
5
6
7

# EXHIBIT 2

8   Edward C. Tidwell Claimant's receipt of email dated November 18, 2022 from Jacquelynn C. Garcia,
9   Case Manager enclosing JAMS Commencement Disclosure dated November 18, 2017 to November 18,
10  2022 that shows on Page 2 of 3 there are 808 Arbitration, Court and Mediations\Neutral Analysis\Other
    Cases that relates to Arbitration Proceedings Edward Tidwell v.  Defendant Kaiser et al. OIA Case No.:
    17819/JAMS Case Ref. No.: 1120016301

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT 2

Exhibits to Request for Judicial Notice of Plaintiff Edward C. Tidwell, as Personal Representative of the Estate of Tanesha
Captolar Mae Tidwell aka Tanesha C-M Tidwell or Tanesha Tidwell v. Kaiser Foundation Health Plan, Inc. et al.
United State District Court, Northern California.

# Tidwell, Tanesha vs. Kaiser - Arbitration No. 17819 - JAMS Ref No. 1120016301

From:  Jacquelynne Garcia (jgarcia@jamsadr.com)

To:    mbell@lawofficemab.com; edwardctidwell@yahoo.com; olikar@butycurliano.com

Cc:    oia@oia-kaiserarb.com

Date:  Friday, November 18, 2022 at 01:58 PM PST

Dear Parties,

Please see attached notice. Hard copies will not follow.

Thank you,
Jacquelynne

**Jacquelynne C. Garcia**
Case Manager

**JAMS - *Local Solutions. Global Reach.*<sup>TM</sup>**
160 West Santa Clara St. | Suite 1600 | San Jose, CA 95113
P: 408-346-0735
**www.jamsadr.com**

Follow us on **LinkedIn**, **Facebook** and **Twitter**.
**Our Moderators Make Remote and Hybrid Sessions Seamless**
*Your case management team includes a JAMS Virtual ADR Moderator. **Learn more
about our moderators**.*


Commencement Disclosure.pdf
452.2kB

**JAMS Commencement Disclosure (MKT016I)**

Tidwell, Tanesha vs. Kaiser - Arbitration No. 17819

JAMS administers approximately 15,000 cases per year. This report lists the numbers of cases JAMS has administered in the last five years involving any party, lawyer, or law firm in the present case. "Administered" means any case in which JAMS received a payment, regardless of which party (or parties) remitted payment. The numbers below do not include the present case. All branches of law firms are included. JAMS has more than 400 neutrals on its panel, and approximately one third of JAMS neutrals have an ownership share in the company. Each owner has one share.

Owners are not privy to information regarding the number of cases or revenue related to cases assigned to other panelists. No shareholder's distribution has ever exceeded 0.1% of JAMS total revenue in a given year. Shareholders are not informed about how their profit distributions are impacted by any particular client, lawyer or law firm and shareholders do not receive credit for the creation or retention of client relationships. JAMS typically serves this report on the parties at the commencement of a JAMS matter. This report is not provided to JAMS' neutrals and will not be provided to the neutral eventually selected for this matter. JAMS neutrals are not informed about matters handled by other neutrals and are not privy to the numbers of matters involving any particular company, lawyer or law firm other than matters in which they have previously served as a neutral.

Please note, cases administered by JAMS Denver are not included in this report. JAMS Denver is a licensee office and does not share the same case administration system as JAMS. If you would like disclosure information for Denver administered cases, please notify your Case Manager within 15 days.

Once appointed in this case, the neutral will issue his or her own required disclosures.

Reference #: 1120016301          11/18/2017 - 11/18/2022

## Claimant(s)

**Edward C. Tidwell**

No Address Listed

**Cases heard with Edward C. Tidwell**

No Cases to Report

## Counsel for Claimant

**Edward C Tidwell**

81 Carol Ln
Apt 208
Oakley, CA 94561

**Cases heard with Edward C Tidwell**

No Cases to Report

**Cases heard with**

No Cases to Report

**JAMS Commencement Disclosure (MKT016I)**

Tidwell, Tanesha vs. Kaiser - Arbitration No. 17819

Reference #: 1120016301          11/18/2017 - 11/18/2022

## Respondent(s)

**Kaiser Foundation Health Plan Inc.**

No Address Listed

**Cases heard with Kaiser Foundation Health Plan Inc.**

Arbitration

- Arbitration(s) - Closed cases                           551
- Arbitration(s) - Open cases                             121

Court Reference

- Court Reference(s) - Closed cases                         5
- Court Reference(s) - Open cases                           1

Mediations\Neutral Analysis\Other

- Med-Arb(s) - Closed cases                                 1
- Mediation(s) - Closed cases                             117
- Mediation(s) - Open cases                                12

**JAMS Commencement Disclosure (MKT016I)**

Tidwell, Tanesha vs. Kaiser - Arbitration No. 17819

Reference #: 1120016301          11/18/2017 - 11/18/2022

## Counsel for Respondent

**Ondrej Likar**
**Buty & Curliano**
516 16th Street
Oakland, CA 94612

**Cases heard with Ondrej Likar**

Arbitration

- Arbitration(s) - Closed cases                6
- Arbitration(s) - Open cases                  2

Mediations\Neutral Analysis\Other

- Mediation(s) - Closed cases                 6
- Mediation(s) - Open cases                   2

**Cases heard with Buty & Curliano**

Arbitration

- Arbitration(s) - Closed cases               12
- Arbitration(s) - Open cases                  4

Mediations\Neutral Analysis\Other

- Mediation(s) - Closed cases                12
- Mediation(s) - Open cases                   3

## PROOF OF SERVICE BY E-Mail

Re: Tidwell, Tanesha vs. Kaiser - Arbitration No. 17819
Reference No. 1120016301

I, Jacquelynne Garcia, not a party to the within action, hereby declare that on November 18, 2022, I

served the attached Commencement Disclosure on the parties in the within action by electronic mail at San Jose,

CALIFORNIA, addressed as follows:

Edward C Tidwell
81 Carol Ln
Apt 208
Oakley, CA 94561
Phone: 510-470-8422
edwardctidwell@yahoo.com
    Parties Represented:
    Edward C. Tidwell

Ondrej Likar Esq.
Buty & Curliano
516 16th Street
Oakland, CA 94612
Phone: 510-267-3000
olikar@butycurliano.com
    Parties Represented:
    Kaiser Foundation Health Plan Inc.
    Kaiser Foundation Hospitals
    Kaiser Permanente Insurance Company
    Permanente Medical Group, Inc.

Marcella Bell Esq.
Office of the Independent Administrator
635 South Hobart Blvd
#A35
Los Angeles, CA 90005
Phone: 213-637-9847
MBell@lawofficemab.com
    Parties Represented:

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Jose,

CALIFORNIA on November 18, 2022.

Jacquelynne Garcia
JAMS
JGarcia@jamsadr.com

1
2

# EXHIBIT 3

3
4
5
6
7
8
9
10
11

Edward C. Tidwell Claimant's receipt of email dated November 18, 2022 from Jacquelynn C. Garcia, Case Manager enclosing JAMS Access Registration Information and Disclosure Packet that relates to Defendant Kaiser Foundation Health Plan, Inc. et al. in the OIA Arbitration Proceeding Case No.: 17819/JAMS Case Ref. No.: 1120016301, which Plaintiff provide this information to the District Court to register for a JAMS Access account to take judicial notice documents.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## EXHIBIT 3

28

# Tidwell, Tanesha vs. Kaiser - Arbitration No. 17819 - JAMS Ref No. 1120016301

From: Jacquelynne Garcia (jgarcia@jamsadr.com)

To: edwardctidwell@yahoo.com; olikar@butycurliano.com

Cc: krichards@jamsadr.com

Date: Friday, November 18, 2022 at 02:00 PM PST

Dear Parties,

Attached are the Disclosures of the Arbitrator in the above referenced matter. Hard copies will not follow. Your new contact for this case will be:

Karume Richards
160 West Santa Clara Street Suite 1600
San Jose, CA 95113
Phone: 408-346-0764
Email: KRichards@jamsadr.com

Please note this case may be administered utilizing JAMS Access. JAMS Access will allow you to upload and view case related documents, view and pay invoices, and view case calendar dates. If this is your first time using JAMS Access, please register and create a new account at: https://access.jamsadr.com.

If you have any questions, please feel free to contact me.

Thank you,
Jacquelynne



**Jacquelynne C. Garcia**
Case Manager

*JAMS - Local Solutions. Global Reach.*<sup>TM</sup>
160 West Santa Clara St. | Suite 1600 | San Jose, CA 95113
P: 408-346-0735
**www.jamsadr.com**

Follow us on **LinkedIn**, **Facebook** and **Twitter**.
**Our Moderators Make Remote and Hybrid Sessions Seamless**
*Your case management team includes a JAMS Virtual ADR Moderator. **Learn more about our moderators**.*

 00 JAMS Access Registration Information.pdf
222.7kB

 Disclosure Packet.pdf
3MB


**24/7 ACCESS**


**DOCUMENT MANAGEMENT**


**CASE CALENDARS**


**EMAIL ALERTS & NOTIFICATIONS**


**INVOICE VIEWING & PAYMENT**


**SECURITY & ENCRYPTION**


**MOBILE OPTIMIZATION**

# JAMS ACCESS
## Manage your case anytime, anywhere

**JAMS Access is a secure, online case management platform provided to JAMS clients at no charge.** Our user-friendly interface streamlines the filing and service of documents and facilitates communication among JAMS neutrals, attorneys, parties and case managers. A cloud-based solution, JAMS Access is supported by the latest versions of MS Edge, Firefox, Chrome and Safari and optimized for tablets and smartphones.

**Cost-Free Filing and Service.** JAMS Access offers unlimited document uploads and downloads, eliminating cost and security concerns associated with mail or email service.

**Convenient, Central Hub.** All of your case documents and communications are now stored in a central repository that is accessible to all members of your team. Easily sort and search for case records, calendar events and messages.

**Private and Secure.** Documents uploaded to JAMS Access are available only to JAMS neutrals and associates, firms of record and party representatives. JAMS Access is built on a secure platform with multiple security layers, including strong encryption.

**24/7 Access to Calendars, Messages and Invoices.** View documents, key calendar dates and message board communications at any time from any device with internet access. Set notification preferences, view and pay invoices and message anyone on the case at your convenience.

**Create your account now at Access.JAMSADR.com.** Upon registration, please review our comprehensive **JAMS Access User Guide** in the News & Insights section. If you have any questions or need further assistance, please contact your case manager.

**Local Solutions. Global Reach.®**



# JAMS ACCESS REGISTRATION

JAMS Access is a secure, online case management platform provided to JAMS clients at no charge. Registration is quick and easy.

1. Go to **access.jamsadr.com** to create an account.*

   Fill out all of the mandatory fields. **Make sure to use the email address associated with your JAMS account.** Agree to the Terms of Service and Privacy Policy. Click the **Create An Account** button to confirm that you have successfully registered. Check your email for a message from JAMS Access and click the link to verify your account. Now you're ready to sign in.

   

2. View the **User Guide** to learn more.

   Signing in will take to you to your JAMS Access **Overview** page. Click on the **Resources** tab within the **News & Insights** tab to view our comprehensive User Guide. Contact your local JAMS Case Manager or click **Support** if you have further questions.

   

3. Add a paralegal or assistant to a case.

   Click on a case under the **Case** tab. Find the user icons at the top right and click on **Add Case Members**. Complete the drop-down form for each person you wish to add to the case. They will receive an email from JAMS Access with a registration link. *In order to add an additional attorney, please contact your JAMS Case Manager.*

   

*JAMS Access is supported by the latest versions of MS Edge, Firefox, Chrome and Safari and optimized for tablets and smartphones. Please make sure you are using the most up-to-date browser or software.*

jamsadr.com • 800.352.5267

JAMS®

# EXHIBIT 4

Edward C. Tidwell Claimant's receipt of letter dated December 8, 2022 from Karume Richards, Case Manager regarding a new Professional Liability/Malpractice case captioned Private Party vs. Kaiser Arbitration Proceeding Case No.: 17848/JAMS Ref. No.: 1120016330 that relates in some manner to Defendant Kaiser Foundation Health Plan, Inc. et al. in the OIA Arbitration Proceeding Case No.: 17819/JAMS Case Ref. No.: 1120016301.

## EXHIBIT 4

12/08/2022

NOTICE TO ALL PARTIES

Re: Tidwell, Tanesha vs. Kaiser - Arbitration No. 17819
Ref. No.: 1120016301

Dear Parties:

Office of the Independent Administrator has invited Hon. William J. Elfving (Ret.) to serve as an arbitrator in a new Professional Liability/Malpractice case captioned Private Party vs. Kaiser - Arbitration No. 17848 - 1120016330. Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, Southern California Permanente Medical Group are involved in the new case. Hon. William J. Elfving (Ret.) has accepted the invitation to serve from Office of the Independent Administrator.

Office of the Independent Administrator is administering the matter. Hon. William J. Elfving (Ret.) is not aware of the circumstances surrounding his/her selection as arbitrator. Hon. William J. Elfving (Ret.) did not receive an offer to serve from any of the parties or lawyers in the case.

Hon. William J. Elfving (Ret.) believes participation in the new case will not affect his/her neutrality in the current case. Please contact me if you have any questions.

Sincerely,
Karume Richards
Case Manager
KRichards@jamsadr.com
Direct: 408-346-0764

1
2
3
4
5
6
7

# EXHIBIT 5

8    Edward C. Tidwell Claimant's receipt of letter dated January 4, 2023 from Karume Richards, Case
9    Manager regarding a new Professional Liability/Malpractice case captioned Private Party vs. Kaiser
10   Arbitration Proceeding Case No.: 17728/JAMS Ref. No.: 1120016347 that relates in some manner to
     Defendant Kaiser Foundation Health Plan, Inc. et al. in the OIA Arbitration Proceeding Case No.:
11   17819/JAMS Case Ref. No.: 1120016301.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# EXHIBIT 5

28

Exhibits to Request for Judicial Notice of Plaintiff Edward C. Tidwell, as Personal Representative of the Estate of Tanesha
Captolar Mae Tidwell aka Tanesha C-M Tidwell or Tanesha Tidwell v. Kaiser Foundation Health Plan, Inc. et al.
United State District Court, Northern California.

01/04/2023

NOTICE TO ALL PARTIES

Re: Tidwell, Tanesha vs. Kaiser - Arbitration No. 17819 (22-22361)

Ref. No.: 1120016301

Dear Parties:

Office of the Independent Administrator has invited Hon. William J. Elfving (Ret.) to serve as an arbitrator in a new Professional Liability/Malpractice case captioned Private Party vs. Kaiser - Arbitration No. 17728 - 1120016347. Kaiser Foundation Health Plan , Kaiser Foundation Health Plan Inc. are involved in the new case. Hon. William J. Elfving (Ret.) has accepted the invitation to serve from Office of the Independent Administrator.

Office of the Independent Administrator is administering the matter. Hon. William J. Elfving (Ret.) is not aware of the circumstances surrounding his/her selection as arbitrator. Hon. William J. Elfving (Ret.) did not receive an offer to serve from any of the parties or lawyers in the case.

Hon. William J. Elfving (Ret.) believes participation in the new case will not affect his/her neutrality in the current case. Please contact me if you have any questions.

Sincerely,

Karume Richards

Case Manager

KRichards@jamsadr.com

Direct: 408-346-0764

# EXHIBIT 6

Edward C. Tidwell Claimant's receipt of letter dated January 19, 2023 from Karume Richards, Case Manager regarding a new Professional Liability/Malpractice case captioned Private Party vs. Private Party – 1120016369; Arbitration Proceeding Case that relates in some manner to Defendant Kaiser Foundation Health Plan, Inc. et al. in the OIA Arbitration Proceeding Case No.: 17819/JAMS Case Ref. No.: 1120016301.

# EXHIBIT 6

Exhibits to Request for Judicial Notice of Plaintiff Edward C. Tidwell, as Personal Representative of the Estate of Tanesha Captolar Mae Tidwell aka Tanesha C-M Tidwell or Tanesha Tidwell v. Kaiser Foundation Health Plan, Inc. et al. United State District Court, Northern California.



01/19/2023

NOTICE TO ALL PARTIES
Re: Tidwell, Tanesha vs. Kaiser - Arbitration No. 17819 (22-22361)
Ref. No.: 1120016301

Dear Parties:

Office of the Independent Administrator has invited Hon. William J. Elfving (Ret.) to serve as an arbitrator in a new Professional Liability/Malpractice case captioned Private Party vs. Private Party - 1120016369. Kaiser Foundation Hospitals, Permanente Medical Group, Inc. are involved in the new case. Hon. William J. Elfving (Ret.) has accepted the invitation to serve from Office of the Independent Administrator.

Office of the Independent Administrator is administering the matter. Hon. William J. Elfving (Ret.) is not aware of the circumstances surrounding his/her selection as arbitrator. Hon. William J. Elfving (Ret.) did not receive an offer to serve from any of the parties or lawyers in the case.

Hon. William J. Elfving (Ret.) believes participation in the new case will not affect his/her neutrality in the current case. Please contact me if you have any questions.

Sincerely,
Karume Richards
Case Manager
KRichards@jamsadr.com
Direct: 408-346-0764

1
2

# EXHIBIT 7

3
4
5
6
7
8
9
10
11

Edward C. Tidwell Claimant's receipt of letter dated January 24, 2023 from Karume Richards, Case Manager regarding a new Professional Liability/Malpractice case captioned Private Party vs. Kaiser Arbitration Proceeding Case No.: 17784/JAMS Ref. No.: 1120016378 that relates in some manner to Defendant Kaiser Foundation Health Plan, Inc. et al. in the OIA Arbitration Proceeding Case No.: 17819/JAMS Case Ref. No.: 1120016301.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# EXHIBIT 7

28

Exhibits to Request for Judicial Notice of Plaintiff Edward C. Tidwell, as Personal Representative of the Estate of Tanesha Captolar Mae Tidwell aka Tanesha C-M Tidwell or Tanesha Tidwell v. Kaiser Foundation Health Plan, Inc. et al. United State District Court, Northern California.



01/24/2023

NOTICE TO ALL PARTIES

Re: Tidwell, Tanesha vs. Kaiser - Arbitration No. 17819 (22-22361)

Ref No.: 1120016301

Dear Parties:

Office of the Independent Administrator has invited Hon. William J. Elfving (Ret.) to serve as an arbitrator in a new Professional Liability/Malpractice case captioned Private Party vs. Kaiser - Arbitration No. 17784 - 1120016378. Ondrej Likar Esq., Kaiser Foundation Health Plan Inc., Kaiser Foundation Health Plan, Inc., Bury & Curfiano are involved in the new case. Hon. William J. Elfving (Ret.) has accepted the invitation to serve from Office of the Independent Administrator.

Office of the Independent Administrator is administering the matter. Hon. William J. Elfving (Ret.) is not aware of the circumstances surrounding his/her selection as arbitrator. Hon. William J. Elfving (Ret.) did not receive an offer to serve from any of the parties or lawyers in the case.

Hon. William J. Elfving (Ret.) believes participation in the new case will not affect his/her neutrality in the current case. Please contact me if you have any questions.

Sincerely,

Karume Richards

Case Manager

KRichards@jamsadr.com

Direct: 408-346-0764

1
2
3
4
5
6
7

# EXHIBIT 8

8    Edward C. Tidwell Claimant's receipt of letter dated email dated February 13, 2023 from JAMS Access
9    New Notifications/JAMS Access Team regarding upload of Disclosures of the Honorable Judge William
10   J. Elfving (Ret.) that relates to Defendant Kaiser Foundation Health Plan, Inc. et al. in the OIA
     Arbitration Proceeding Case No.: 17819/JAMS Case Ref. No.: 1120016301
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 8

Exhibits to Request for Judicial Notice of Plaintiff Edward C. Tidwell, as Personal Representative of the Estate of Tanesha
Captolar Mae Tidwell aka Tanesha C-M Tidwell or Tanesha Tidwell v. Kaiser Foundation Health Plan, Inc. et al.
United State District Court, Northern California.

## JAMS Access New Notifications

From: NoReply-Notification@jamsaccess.com (noreply-notification@jamsaccess.com)

To:     edwardctidwell@yahoo.com

Date:   Monday, February 13, 2023 at 12:05 PM PST

**Dear Edward C** ,

Here are all of the new Notifications within JAMS Access.
Click here to login to JAMS Access to see the Notifications.

| Log Notification | Time |
|---|---|
| Disclosures- Hon. William J. Elfving (Ret.) is uploaded to case Tidwell, Tanesha vs. Kaiser - Arbitration No. 17819 (22-22361) #1120016301 by Karume Richards | 03:04 PM (ET) |

Thanks,
JAMS Access Team



JAMS Access

Please do not reply directly to this email as you will not receive a response. For assistance, please
visit our Contact Us center at jamsadr.com/contact or call your Case Manager.

1
2
3
4
5
6
7

# EXHIBIT 9

8
9
10

Edward C. Tidwell Claimant's receipt of the Notice of Conference Call dated February 16, 2023 regarding the March 23, 2023 scheduled conference call @ 8:30 a.m. before the Neutral Arbitrator the Honorable Judge William J. Elfving (Ret.) in the OIA Arbitration Proceedings Case No.: 17819/JAMS Case Ref. No.: 1120016301 that relates to Defendant Kaiser Foundation Health Plan, Inc. et al.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 9

Exhibits to Request for Judicial Notice of Plaintiff Edward C. Tidwell, as Personal Representative of the Estate of Tanesha Captolar Mae Tidwell aka Tanesha C-M Tidwell or Tanesha Tidwell v. Kaiser Foundation Health Plan, Inc. et al. United State District Court, Northern California.



# NOTICE OF CONFERENCE CALL

NOTICE TO ALL PARTIES

February 16, 2023

RE:    **Tidwell, Tanesha vs. Kaiser - Arbitration No. 17819 (22-22361)**
Reference #: 1120016301

Dear Parties:

This letter will confirm that a conference call in the above-referenced matter has been scheduled as follows:

| | |
|---|---|
| CALL/DATE: | 3/23/23 at 8:30 A.M. PT |
| NEUTRAL: | Hon. William J. Elfving (Ret.) |
| DIAL-IN: | 1-855-633-2040 |
| ACCESS CODE: | 2196712# |
| LINK: | meet.loopup.com/5X7pWGx |

You may access the call by utilizing the dial-in number with access code or via the link.

If you need additional information, contact me at 408-346-0764.

Sincerely,


Karume Richards
Case Manager
KRichards@jamsadr.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 10

Edward C. Tidwell Claimant's receipt of the Register of Actions showing copies of documents uploaded and filed on December 5, 2022 to February 16, 2023 in Tidwell v. Kaiser et al. that relates to Defendant Kaiser Foundation Health Plan, Inc. et al. in the OIA Arbitration Proceedings Case No.: 17819 and JAMS Case Ref. No.: 1120016301.

## EXHIBIT 10

Exhibits to Request for Judicial Notice of Plaintiff Edward C. Tidwell, as Personal Representative of the Estate of Tanesha Captolar Mae Tidwell aka Tanesha C-M Tidwell or Tanesha Tidwell v. Kaiser Foundation Health Plan, Inc. et al. United State District Court, Northern California.

Updated Covid-19 Protocols   LEARN MORE

# Tidwell, Tanesha vs. Kaiser - Arbitration No. 17819 (22-22361)   Arbitration
Ref #1120016301

**NEUTRAL:**
**William Elfving**
wolfving@jamsadr.com

**CASE MANAGER:**
**Karume Richards**
krichards@jamsadr.com
408-346-0764

**REPRESENTATIVES/ATTORNEYS:**

Edward Tidwell (Claimant)
edwardctidwell@yahoo.com
510-470-8422
Show more

**Buty & Curliano**
Erik Villasana (Paralegal/Legal Assistant)
evillasana@butycurliano.com

Add Case Members

---

# DOCUMENTS

***Note, only Case Managers have access to delete uploaded documents. If you need to delete a document uploaded by you or your firm, please click "delete request" to send the request to the Case Manager.

**FILE NAME**

| | |
|---|---|
| Notice of Conference Call | 02/16/2023 |
| Disclosures- Hon. William J. Elfving (Ret.) | 02/13/2023 |
| LETTER DATED January 25, 2023 | 01/24/2023 |
| LETTER DATED January 20, 2023 | 01/19/2023 |
| Notice of Conference Call | 01/10/2023 |
| Notice of Conference Call | 01/10/2023 |
| Report of Arbitration Management Conference and Scheduling Order No. 1 | 01/09/2023 |
| Notice of Hearing | 01/09/2023 |
| Arbitration Management Conference Form | 01/06/2023 |

FILE NAME

| | |
|---|---|
| Edward C. Tidwell Claimant's Further Emergency Request to the Neutral Arbitrator to Compel Ondrej Likar, Esq. of Buty & Curliano LLP to Produce Non-Privileged Documents (Scan CCF01052023_0002).pdf | 01/05/2023 |
| Opp Claimant RJN2.pdf | 01/04/2023 |
| LETTER DATED January 04, 2023 | 01/04/2023 |
| Edward C. Tidwell Claimant's Emergency Request to the Neutral Arbitrator to Compel Ondrej Likar, Esq. of Buty & Curliano LLP to Produce Non-Privileged Documents (Scan CCF01032023).pdf | 01/03/2023 |
| Edward C. Tidwell Claimant's Further Request for Judicial Notice in Reply to Respondents' Opposition Briefs (Scan CCF01022023_0003).pdf | 01/02/2023 |
| Opp Claimant Amended Request For Entry of Default.pdf | 01/02/2023 |
| Edward C. Tidwell Claimant's Request for Entry of Default [Amended] dated December 29, 2022 (Scan CCF12292022_0004).pdf | 12/29/2022 |
| Edward C. Tidwell Claimant's [Proposed] Order Granting Edward C. Tidwell Claimant's Request for Entry of Default [Amended] and Claimant's Request for Entry of Judgment By Default dated December 29, 2022 (Scan CCF12292022_0006).pdf | 12/29/2022 |

FILE NAME

| | |
|---|---|
| Edward C. Tidwell Claimant's Declaration In Support of Claimant's Request for Entry of Default [Amended]; Claimant's Request for Entry of Judgment By Default dated December 29, 2022 et al. (Scan CCF12292022_0005).pdf | 12/29/2022 |
| Opp Claimant RJN.pdf | 12/21/2022 |
| Opp Claimant Request For Entry of Default.pdf | 12/21/2022 |
| Edward C. Tidwell Claimant's Request for Entry of Default dated December 2022 with Proof of Service (Scan CCF12202022).pdf | 12/20/2022 |
| Edward C. Tidwell Claimant's Request for Judicial Notice Exhibit 3 Re Kaiser Foundation Hospitals' eFiled 2019 IRS Form 990 dated October26, 2020.pdf | 12/19/2022 |
| Edward C. Tidwell Claimant's Request for Judicial Notice dated December 19, 2022 including Exhibit 1 thru Exhibit 7 (Part 1 Scan CCF12182022).pdf | 12/19/2022 |
| Edward C. Tidwell Claimant's [Proposed] Order Granting Claimant's Request for Judicial Notice (Scan CCF12182022_0002).pdf | 12/19/2022 |
| Edward C. Tidwell Claimant's Request for Judicial Notice including Exhibit 8 and Proof of Service (Part 2 Scan CCF12182022_0001).pdf | 12/19/2022 |

| | |
|---|---|
| Edward C. Tidwell Claimant's Request for Judicial Notice Exhibit 7 Re United States' Complaint-In-Intervention filed October 25, 2021 against Kaiser Foundation Health Plan, Inc., et al.-Case No. 13-cv-03891-EMC District Court, Northern California.pdf | 12/19/2022 |
| Edward C. Tidwell Claimant's Request for Judicial Notice Exhibit 2 Re Kaiser Foundation Health Plan, Inc.'s eFiled 2019 IRS Form 990 dated October 26, 2020.pdf | 12/19/2022 |
| Notice of Conference Call | 12/15/2022 |
| Edward C. Tidwell Claimant's Proof of Service dated December 8, 2022 (Scan CCF12082022).pdf | 12/12/2022 |
| Edward C. Tidwell Claimant's Proof of Service dated December 7, 2022 (Scan CCF12092022).pdf | 12/12/2022 |
| LETTER DATED December 09, 2022 | 12/08/2022 |
| Letter dated December 5, 2022 | 12/05/2022 |

1  EDWARD C. TIDWELL
2  81 Carol Lane, Apt. #208
   Oakley, California 94561
3  T: (510) 470-8422
   E: edwardctidwell@yahoo.com
4
   Plaintiff in Pro Se
5

6
                    **UNITED STATES DISTRICT COURT**
7
        **FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**
8

9  EDWARD C. TIDWELL,                    )          Case No.:
10 as Personal Representative of the Estate of )
   TANESHA CAPTOLAR MAE TIDWELL aka )
11 TANESHA C-M TIDWELL or               )
   TANESHA TIDWELL,                      )
12                                       )
13          Plaintiff/Claimant,          )
                                         )
14              v.                       )      **CERTIFICATE OF SERVICE**
                                         )
15 KAISER FOUNDATION HEALTH PLAN, INC. )
   KAISER FOUNDATION HOSPITALS,         )
16 THE PERMANENTE MEDICAL GROUP, INC.,)
   KAISER PERMANENTE, and               )
17 DOES 1-25, Inclusive,                )
                                         )
18                                       )
19          Defendants/Respondents.      )
                                         )
20 ――――――――――――――――――――――――

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Notice of Intent to Sue CCP § 364; Complaint; Opposition Point & Authorities; RJN; Declaration and [Proposed]
Order in re Tidwell v. Kaiser Foundation et al.-District Court of Northern California, Oakland Division    48

# CERTIFICATE OF SERVICE

*Edward C. Tidwell, as Personal Representative of the*
*Estate of Tanesha Captolar Mae Tidwell aka Tanesha C-M Tidwell or Tanesha Tidwell*
*vs. Kaiser Foundation Health Plan, Inc. et al.*

I, the undersigned, declare: I am over the age of 18 years and that my residence address is 81 Carol Lane, Apt. # 208, Oakley, California 94561.

**On February 22, 2023, via Email and/or U.S. Postal Service Priority Mail, I served the Notice of Intent To Sue; Complaint for Damages; Plaintiff's Opposition Memorandum of Points and Authorities to Kaiser Foundation Health Plan, Inc. et al.'s Letter dated February 1, 2023 Re Demurrer and Motion to Strike; Request for Judicial Notice; Declaration of Edward C. Tidwell and [Proposed] Order, as follows:**

*Via Email: oia@oia-kaiserarb.com (only)*
Marcella A. Bell, Esq.
Office of the Independent Administrator
635 S. Hobart Blvd., Suite #A35
Los Angeles, California 90005
Telephone: (213) 637-9847

*Via U.S. Postal Service Priority Mail*
United States Department of Justice,
Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530-0001
Case Report No.: 255366-GDC
Case Name: Tidwell v. Kaiser Foundation et al.
(USDOJ Related Case Report No.: 181362-ZDG)

*Via U.S. Postal Service Priority Mail*
Corporation Service Company Which Will
Do Business In California As CSC-Lawyers
Incorporating Service c/o
Kaiser Foundation Health Plan, Inc.
CASOS File No.: 299541
2710 Gateway Oaks Drive, Suite 150N
Sacramento, California 95833

*Via U.S. Postal Service Priority Mail*
The Permanente Medical Group, Inc. c/o
Karen A. Hall
Agent for Service of Process
1950 Franklin Street, 20th Floor
Oakland, California 94612

*Via Email:krichards@jamsadr.com (only)*
Karume Richards,
Case Manager
JAMS Neutral Arbitrator
160 West Santa Clara Street, Suite 1600
San Jose, California 95113
Telephone: (408) 346-0764

*Via U.S. Postal Service Priority Mail*
United States Department of Justice,
United States Attorney's Office
Northern District of California
1301 Clay Street
Oakland, California 94612

*Via U.S. Postal Service Priority Mail*
Corporation Service Company Which Will
Do Business In California As CSC-Lawyers
Incorporating Service c/o
Kaiser Foundation Hospitals
CASOS File No.: 224971
2710 Gateway Oaks Drive, Suite 150N
Sacramento, California 95833

*Via Email:olikar@butycurliano.com (only)*
Ondrej Likar, Esq.
Buty & Curliano LLP
516 16th Street
Oakland, California 94612
*(No Attorney(s) of Record Designated this District Court Case)*

Notice of Intent to Sue CCP § 364; Complaint; Opposition Point & Authorities; RJN; Declaration and [Proposed] Order in re Tidwell v. Kaiser Foundation et al.-District Court of Northern California, Oakland Division

1

2          I declare under penalty of perjury as a citizen afforded legal rights and privileges under

3   the Constitutional Laws and laws of the State of California and of the United States of America

4   that the foregoing is true and correct.

5          Executed this 22nd day of February 2023 in Oakley, California, County of Contra Costa.

6                                         Edward C. Tidwell

7                                         Edward C. Tidwell

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28