UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C TIDWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-00776-AGT<br><br>**ORDER ON MOTIONS TO DISMISS AND TO APPOINT COUNSEL**<br><br>Re: Dkt. Nos. 11, 35 |

    The Court lacks subject-matter jurisdiction over Edward Tidwell's claims against Kaiser. Tidwell's complaint enumerates twelve claims, each of which arises under state law. The claims relate to medical care that Kaiser provided to Tidwell's daughter, who is now deceased. The Court lacks federal-question jurisdiction over all twelve claims because the claims do not arise under federal law. Diversity jurisdiction is also absent.

    Tidwell's scattered citations to various federal statutes do not give the Court jurisdiction. Tidwell cites to several federal criminal statutes, 18 U.S.C. § 1001, 26 U.S.C. §§ 7206–07, but "as a private citizen, [he] lacks Article III standing to bring claims under . . . criminal statutes." *Ardalan v. McHugh*, No. 13-CV-01138-LHK, 2013 WL 6212710, at *18 (N.D. Cal. Nov. 27, 2013). He cites to 26 U.S.C. § 501, an Internal Revenue Code provision governing tax-exempt organizations. He lacks standing to challenge Kaiser's federal tax status. *See Nilavar v. Mercy Health Sys. W. Ohio*, 142 F. Supp. 2d 859, 889 (S.D. Ohio 2000). He cites to the False Claims Act, 31 U.S.C. §§ 3729–3733, but to sue for violation of the FCA, Tidwell would need to file an in-camera complaint in the name of the Government. *See* 31 U.S.C. §3730(b)(1)–(2). He hasn't done so. Also, to be clear, none of Tidwell's enumerated claims is for violation of the

FCA or for violation of any other federal law. Lastly, Tidwell cites to the Fair Housing Act, 42 U.S.C. § 3604, which prohibits discrimination in the sale or rental of housing. His claims have nothing to do with housing. To the extent that Tidwell's complaint could possibly be construed as raising a § 3604 claim, the claim is "patently without merit" and doesn't give rise to federal-question jurisdiction. *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992) (simplified).

Kaiser's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is granted. Tidwell's motion to appoint counsel is denied. The Clerk of the Court shall close the case file.

**IT IS SO ORDERED.**

Dated: May 10, 2023

Alex G. Tse
United States Magistrate Judge